Erin J. Holyoke (SBN 288137)
eholyoke@nixonpeabody.com
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA  90071-3151
Tel: 213-629-6000
Fax: 213-629-6001

Jason C. Kravitz (*pro hac vice* to be requested)
jkravitz@nixonpeabody.com
Troy K. Lieberman (*pro hac vice* to be requested)
tlieberman@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Tel: 617-345-1000
Fax: 617-345-1300

Attorneys for Defendant Pixalate, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDILLION, INC.,<br><br>                          Plaintiff,<br><br>vs.<br><br>PIXALATE, INC., and<br>DOES 1 through 10,<br><br>                          Defendants. | Case No. 2:18-CV-07270-DSF-AS<br><br>**DEFENDANT PIXALATE, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THE COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Defendant Pixalate, Inc. ("Pixalate"), through counsel, hereby submits its Answer, Affirmative Defenses, and Counterclaims to the Complaint of Plaintiff Vidillion, Inc. ("Vidillion"), as follows.  Unless specifically admitted, all allegations in the Complaint are denied.

## JURISDICTION AND VENUE

1.     The allegations of paragraph 1 constitute legal conclusions to which no

response is required.  To the extent any response is required, such allegations are denied.

2.      The allegations of paragraph 2 constitute legal conclusions to which no response is required.  To the extent any response is required, such allegations are denied.

3.      The allegations of paragraph 3 constitute legal conclusions to which no response is required.  To the extent any response is required, such allegations are denied.

## GENERAL ALLEGATIONS

**The Parties**

4.      Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4, and on that basis denies those allegations.

5.      Admitted.

6.      Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6, and on that basis denies those allegations.

**Background**

7.      Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies those allegations.

8.      Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies those allegations.

9.      Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies those allegations.

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

10. Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies those allegations.

11. Pixalate admits that, among other things, it is a provider of third-party advertising delivery invalid traffic ("IVT") detection services – which includes fraud detection. Pixalate admits that it is an expert in the field of video advertising delivery and IVT detection. Pixalate denies the remaining allegations of paragraph 11. Responding further, Pixalate states that its expertise includes, but is not limited to, IVT detection and filtering in the contexts of both client-side and server-side advertising across mobile web, desktop, mobile in-app, and over-the-top ("OTT") devices and content.

12. Pixalate admits it has been accredited by the MRC, an industry organization for, among other things, "Sophisticated Invalid Traffic Detection and Filtration for Display Ad Impressions (Desktop & Mobile Web)." Pixalate admits that it is not accredited for CTV advertising fraud detection. Responding further, Pixalate states that the MRC does not presently provide accreditation for "CTV advertising fraud detection" and as such, no entity is or can be so accredited. Pixalate further states that it is an industry leader and expert in OTT IVT detection and filtration. Except as expressly admitted, Pixalate denies the allegations of paragraph 12.

13. Pixalate denies the allegations in paragraph 13. Responding further, Pixalate states that while there are differences, there are many similarities between the technology and processing for delivering advertising in CTV (and OTT) and in-mobile web and desktop devices. Regardless, Pixalate possesses the technological capability and understanding to accurately assess the validity of CTV (and OTT) advertising delivery services.

14. Pixalate denies the allegations of paragraph 14. Responding further,

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

Pixalate possesses the technological capability and understanding to accurately assess traffic validity in the context of server-side ad insertion.

15.     Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15, and on that basis denies those allegations.

16.     Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies those allegations.

17.     Pixalate admits that it has identified certain of Vidillion's advertising inventory as mobile inventory.  Responding further, Pixalate states that it has not incorrectly classified any valid CTV inventory of Vidillion as mobile inventory.

18.     Pixalate denies that its classification of any of Vidillion's inventory is false.  Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and on that basis denies those allegations.

19.     Pixalate denies that there is no reasonable basis on which Vidillion's inventory could or should be labeled as invalid or fraudulent.  Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, and on that basis denies those allegations.

20.     Pixalate admits that counsel for Vidillion purported to notify Pixalate of Vidillion's belief that Pixalate's labeling of Vidillion's inventory was false and erroneous.  Pixalate denies that its classification of Vidillion's inventory was false and erroneous.

21.     Pixalate admits that it did not change its classification of Vidillion's inventory in response to Vidillion's demands but denies that it falsely labeled Vidillion's inventory.

22.     Pixalate denies falsely labeling Vidillion's inventory as mobile

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

inventory, fraudulent, and/or not viewable. Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22, and on that basis denies those allegations.

23. Pixalate denies misidentifying Vidillion's inventory as mobile inventory, fraudulent, and/or not viewable. Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23, and on that basis denies those allegations.

## FIRST CLAIM FOR RELIEF

### False or Misleading Representation in Violation of the Lanham Act

### (15 U.S.C. §1125(a)(1)(B))

24. Pixalate hereby restates and incorporates by reference its foregoing responses to the allegations set forth in the Complaint as if fully set forth herein.

25. Denied.

26. Denied.

27. Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 27, and on that basis denies those allegations. Pixalate denies the remaining allegations in paragraph 27.

28. Pixalate denies the allegations in paragraph 28. Responding further, Pixalate states that it has many types of clients that pay for and access its analytics platform. Pixalate does not have any scheme to increase its perceived value and does not target Vidillion's business.

29. Pixalate denies that making any false statements and further denies that any alleged statements made by Pixalate are likely to deceive, or have actually deceived, a substantial segment of the purchasing audience. Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29, and on that basis denies those allegations.

30. Pixalate denies the allegations in the first sentence of paragraph 30.

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

1   Pixalate lacks knowledge and information sufficient to form a belief as to the truth
2   of the remaining allegations in paragraph 30, and on that basis denies those
3   allegations.

4      31. Pixalate denies making any false statements concerning Vidillion.
5   Pixalate lacks knowledge and information sufficient to form a belief as to the truth
6   of the remaining allegations in paragraph 31, and on that basis denies those
7   allegations.

8      32. Denied.

9      33. Pixalate denies making any false statements concerning Vidillion.
10  Pixalate lacks knowledge and information sufficient to form a belief as to the truth
11  of the remaining allegations in paragraph 33, and on that basis denies those
12  allegations.

13  **SECOND CLAIM FOR RELIEF**

14  **Libel *Per Se***

15  **(Cal. Civ. Code § 45(a))**

16     34. Pixalate hereby restates and incorporates by reference its foregoing
17  responses to the allegations set forth in the Complaint as if fully set forth herein.

18     35. Denied.

19     36. Denied.

20     37. Pixalate denies acting in reckless disregard of Vidillion's rights and
21  denies making any false statements concerning Vidillion.  Pixalate lacks knowledge
22  and information sufficient to form a belief as to the truth of the remaining allegations
23  in paragraph 37, and on that basis denies those allegations.

24  **THIRD CLAIM FOR RELIEF**

25  **Libel *Per Quod***

26  **(Cal. Civ. Code § 45(a))**

27     38. Pixalate hereby restates and incorporates by reference its foregoing

28

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

1   responses to the allegations set forth in the Complaint as if fully set forth herein.

2   39.   Denied.

3   40.   Denied.

4   41.   Pixalate denies making any false statements concerning Vidillion.
5   Pixalate lacks knowledge and information sufficient to form a belief as to the truth
6   of the remaining allegations in paragraph 41, and on that basis denies those
7   allegations.

8   ## FOURTH CLAIM FOR RELIEF

9   ### Trade Libel

10   42.   Pixalate hereby restates and incorporates by reference its foregoing
11   responses to the allegations set forth in the Complaint as if fully set forth herein.

12   43.   Denied.

13   44.   Pixalate lacks knowledge and information sufficient to form a belief as
14   to the truth of the allegations in paragraph 44, and on that basis denies those
15   allegations.

16   45.   Pixalate denies making any false statements concerning Vidillion.
17   Pixalate lacks knowledge and information sufficient to form a belief as to the truth
18   of the remaining allegations in paragraph 45, and on that basis denies those
19   allegations.

20   ## FIFTH CLAIM FOR RELIEF

21   ### Intentional Interference with Contract

22   46.   Pixalate hereby restates and incorporates by reference its foregoing
23   responses to the allegations set forth in the Complaint as if fully set forth herein.

24   47.   Pixalate lacks knowledge and information sufficient to form a belief as
25   to the truth of the allegations in the first sentence of paragraph 47, and on that basis
26   denies those allegations.

27   48.   Denied.

28

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

49.     Denied.

50.     Pixalate denies making any false statements concerning Vidillion. Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50, and on that basis denies those allegations.

51.     Pixalate denies making any false statements concerning Vidillion. Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51, and on that basis denies those allegations.

## SIXTH CLAIM FOR RELIEF

### Intentional Interference With Prospective Economic Advantage

52.     Pixalate hereby restates and incorporates by reference its foregoing responses to the allegations set forth in the Complaint as if fully set forth herein.

53.     Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 53, and on that basis denies those allegations.

54.     Denied.

55.     Denied.

47 [sic][1].     Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 47, and on that basis denies those allegations.

48 [sic][2].     Pixalate denies making any false statements concerning Vidillion. Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48, and on that basis denies those

---

[1] Vidillion incorrectly identifies this allegation as paragraph 47.  For ease of reference, Pixalate uses Vidillion's incorrect numbering in responding to this allegation.

[2] Vidillion incorrectly identifies this allegation as paragraph 48.  For ease of reference, Pixalate uses Vidillion's incorrect numbering in responding to this allegation.

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

- 8 -

1  allegations.

## SEVENTH CLAIM FOR RELIEF

### Unfair Business Act or Practice

### (Cal. Bus. & Prof. Code § 17200)

56 [sic][3].    Pixalate hereby restates and incorporates by reference its foregoing responses to the allegations set forth in the Complaint as if fully set forth herein.

57.    Denied.

58.    Denied.

A.    Pixalate denies making any false statements concerning Vidillion. Pixalate lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58(A), and on that basis denies those allegations.

B.    Pixalate admits that it is an expert in video advertising IVT detection but denies that it represents itself as holding accreditation that it has not earned from the MRC. Pixalate denies the remaining allegations of paragraph 58(B). Responding further, Pixalate states that the MRC does not provide accreditation for CTV advertising delivery. However, Pixalate has expertise with CTV and possesses the technological understanding and capability necessary to perform monitoring and fraud detection services in connection with CTV.

C.    Pixalate admits that it is an expert in video advertising IVT detection but denies that it represents itself as holding accreditation that it has not earned from the MRC. Pixalate denies the remaining allegations of paragraph 58(C). Responding further, Pixalate states that the MRC does not provide accreditation for server-side ad insertion. Nonetheless, Pixalate does have expertise with server-side ad insertion

---

[3] Vidillion incorrectly identifies this allegation as paragraph 56. For ease of reference, Pixalate uses Vidillion's incorrect numbering in responding to this allegation and the subsequent allegations.

1  and possesses the technological understanding and capability necessary to perform

2  monitoring and fraud detection services in connection with server-side ad insertion.

3      59.    Pixalate denies any conduct relating to Vidillion that creates liability.

4  Pixalate lacks knowledge and information sufficient to form a belief as to the truth

5  of the remaining allegations in paragraph 59, and on that basis denies those

6  allegations.

7  **EIGHTH CLAIM FOR RELIEF**

8  **Preliminary and Permanent Injunction**

9      60.    Pixalate hereby restates and incorporates by reference its foregoing

10  responses to the allegations set forth in the Complaint as if fully set forth herein.

11      61.    Pixalate lacks knowledge and information sufficient to form a belief as

12  to the truth of the allegations in the first sentence of paragraph 61, and on that basis

13  denies those allegations.

14      62.    Pixalate admits that Plaintiff's Complaint purports to request entry of

15  preliminary and permanent orders but denies that such orders are warranted.

16      63.    Pixalate admits that Plaintiff's Complaint purports to request entry of

17  preliminary and permanent orders but denies that such orders are warranted.

18  **NINTH CLAIM FOR RELIEF**

19  **Fraud**

20      64.    Pixalate hereby restates and incorporates by reference its foregoing

21  responses to the allegations set forth in the Complaint as if fully set forth herein.

22      65.    Denied.

23      66.    Denied.

24      67.    Denied.

25      68.    Denied.

26      69.    Pixalate lacks knowledge and information sufficient to form a belief as

27  to the truth of the allegations in paragraph 69, and on that basis denies those

28

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

1 allegations.

2       70.    Pixalate denies making any false statements concerning Vidillion.

3 Pixalate lacks knowledge and information sufficient to form a belief as to the truth

4 of the remaining allegations in paragraph 70, and on that basis denies those

5 allegations.

6       71.    Denied.

7 

**AFFIRMATIVE AND OTHER DEFENSES**

8 

First Defense

9       Plaintiff's Complaint and each and every purported cause of action in the

10 Complaint fails to state a claim against Pixalate upon which relief can be granted.

11 

Second Defense

12       The claims asserted in Plaintiff's Complaint are barred in whole or in part by

13 the doctrine of laches.

14 

Third Defense

15       The claims asserted in Plaintiff's Complaint are barred in whole or in part by

16 the doctrine of estoppel.

17 

Fourth Defense

18       The claims asserted in Plaintiff's Complaint are barred in whole or in part by

19 the doctrine of unclean hands.

20 

Fifth Defense

21       The claims asserted in Plaintiff's Complaint are barred in whole or in part by

22 the doctrine of waiver.

23 

Sixth Defense

24       The claims asserted in Vidillion's Complaint are barred in whole or in part

25 because the statements alleged to be made by Pixalate were true and/or not false.

26

27

28

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

Seventh Defense

The claims asserted in Plaintiff's Complaint are barred in whole or in part because the statements alleged to be made by Pixalate were not statements of fact, but opinion.

Eighth Defense

The claims asserted in Vidillion's Complaint are barred, in whole or in part, to the extent Vidillion has suffered no damages.

Ninth Defense

Without any admission by Pixalate that Vidillion suffered any harm, to the extent that Vidillion did suffer such harm, its claims are barred in whole or in part because it failed to use reasonable means to prevent the alleged damage and failed to use reasonable means to mitigate its damages.

Tenth Defense

The claims asserted in Vidillion's Complaint are barred, in whole or in part, because Pixalate was not aware of a contract or prospective economic advantage Vidillion had with any third-party.

Additional Defenses

Pixalate reserves the right to amend its Answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of the discovery process.

**Prayer for Relief**

WHEREFORE, Pixalate requests that this honorable Court:

A.    Enter judgment dismissing each count of the Complaint in its entirety, with prejudice;

B.    Award Pixalate reasonable attorneys' fees, expenses, and costs associated with the action under the applicable law; and

C.    Grant such further relief as the Court deems just and proper.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiff Pixalate, Inc. ("Pixalate") asserts the following counterclaims against Counterclaim-Defendant Vidillion, Inc. ("Vidillion").

## NATURE OF THE CASE

1.      Pixalate seeks declaratory judgments from this Court that Pixalate has not violated the Lanham Act, 15 U.S.C. § 1125(a) and that Pixalate has not engaged in libel *per se*, libel *per quod*, or trade libel with respect to Vidillion.

## PARTIES

2.      Pixalate is a Delaware corporation with a principal place of business in Los Angeles, California.

3.      Upon information and belief, Vidillion is a Delaware corporation with a principal place of business in Las Vegas, Nevada.

## JURISDICTION AND VENUE

4.      These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201.

5.      This Court has personal jurisdiction over Vidillion because it brought its lawsuit alleging violation of the Lanham Act (15 U.S.C. § 1125(a)), libel *per se*, libel *per quod*, trade libel, international interference with contract, intentional interference with prospective economic advantage, unfair business act or practice (Cal. Bus. & Prof. Code § 17200), injunctive relief, and fraud against Pixalate in this Court.

6.      Vidillion has consented to the propriety of venue in this district by bringing its lawsuit alleging violation of the Lanham Act (15 U.S.C. § 1125(a)), libel *per se*, libel *per quod*, trade libel, international interference with contract, intentional interference with prospective economic advantage, unfair business act or practice

1   (Cal. Bus. & Prof. Code § 17200), injunctive relief, and fraud against Pixalate in this
2   venue.

### BACKGROUND

4       7.    Pixalate is a leading global intelligence platform and real-time fraud
5   protection provider.  Pixalate provides a data platform with a comprehensive suite of
6   products built to bring transparency to programmatic advertising.  Pixalate monitors
7   billions of advertising events in real time, providing insights to optimize
8   performance, benchmark supply quality, and eliminate invalid traffic ("IVT").

9       8.    Among other things, Pixalate has expertise in IVT detection and
10   filtration, including Sophisticated Invalid Traffic ("SIVT") detection and filtration.

11       9.    Pixalate's clients include advertising purchasers, advertising exchanges,
12   demand-side platforms ("DSPs"), supply-side platforms ("SSPs"), and advertising
13   networks and publishers.

14       10.    Pixalate's clients can subscribe to its advertising analytics to track
15   various data including media spending, wastage, viewability, user interaction (click-
16   through, conversion, and impressions), media discrepancy, and to assist in detection
17   and filtration of IVT.

18       11.    As a leader in its field, Pixalate is accredited by the Media Rating
19   Council ("MRC").  The MRC is an media industry organization that:  (i) secures that
20   measurement services (such as though provided by Pixalate) are valid, reliable, and
21   effective; (ii) determines minimum disclosure and ethical criteria for media audience
22   measurement services; and (iii) administers an audit system designed to inform users
23   as to whether audience measurements are conducted in conformance with the
24   industry criteria and procedures.

25       12.    Specifically, Pixalate is currently accredited by the MRC for the
26   following categories:

27         •  Display Served Ad Impressions (Desktop & Mobile Web);

28

- 14 -

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

- Viewable Display Ad Impressions (Desktop); and
- Sophisticated Invalid Traffic Detection and Filtration for Display Ad Impressions (Desktop & Mobile Web).

13.    Pixalate also has significant expertise in categories of advertising impressions, detection, and filtration that the MRC has not provided, or does not provide, accreditation for.

14.    Among other things, Pixalate is a leader in advertising analytics, including SIVT detection and filtration, relating to over-the-top ("OTT") content and devices.   Pixalate also is a leading company for advertising analytics involving server-side ad insertion ("SSAI").

15.    OTT content is audio, video, and other media content delivered over the Internet without the involvement of a multiple-system operator in the control of distribution of the content.   OTT content can be viewed on a desktop computer, mobile web browser, or through an OTT device.

16.    OTT devices are those devices that specifically allow for viewing of OTT content and include connected TVs ("CTV").

17.    Because video advertising through OTT content and OTT devices is a relatively new development, the MRC had not had, until 2018, offered accreditation related to OTT.

18.    Therefore, no entities are currently accredited for any advertising services (including IVT detection and filtration) relating to OTT and CTV.

19.    Upon information and belief, Pixalate was the first entity to propose to the MRC that the MRC offer accreditation for SIVT detection in the context of OTT.

20.    In 2018, the MRC introduced an accreditation process for services related to OTT.

21.    For 2018, Pixalate has applied for accreditation in:

- Video Served Ad Impressions (Desktop, Mobile Web, In-App, & OTT);

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

- Display Served Ad Impressions (In-App & OTT);
- Viewable Display Ad Impressions (Mobile Web & In-App); and
- Compliance with the Sophisticated Invalid Traffic Provisions of the MRC's Invalid Traffic Detection and Filtration Guidelines: Display Impressions (In-App & OTT); Video Impressions (Desktop, Mobile Web, In-App, & OTT).

22.     Upon information and belief, Pixalate is the only entity to have applied for SIVT detection accreditation relating to OTT.

23.     Upon information and belief, Vidillion purports to be a video advertising content distributor which distributes its clients' video content to OTT devices through SSAI.

24.     Upon information and belief, Vidillion provides its services to some of Pixalate's clients.

25.     In or about January 2018, Pixalate's proprietary platform detected suspicious impressions related to Vidillion's advertising inventory. Among other things, certain Vidillion impressions were passing an Internet Protocol (IP) address rather than a domain (the latter of which is industry standard).

26.     Based on this detection, Pixalate flagged certain of Vidillion's advertising inventory as IVT in its platform.

27.     Pixalate had significant evidence, and there a good-faith basis, to classify certain of Vidillion's advertising inventory as IVT.

28.     Upon information and belief, Vidillion learned that Pixalate classified certain of its inventory as IVT.

29.     Upon information and belief, in response, Vidillion attempted to camouflage its activity to avoid Pixalate's IVT classification.

30.     Pixalate's platform then began detecting the domain "phantom.com" associated with certain Vidillion transactions.

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

31.     Upon information and belief, phantom.com is a domain that was utilized to overcome detection based upon the passing of an IP address in lieu of a domain.

32.     Pixalate's platform also detected cookies being retained and associated with many IPs, which is not valid behavior of SSAI.

33.     Based, in part, on this information, Pixalate continued to classify certain of Vidillion's inventory as IVT.

34.     Pixalate continued to have a good-faith basis to classify certain of Vidillion's advertising inventory as IVT.

35.     On or about February 16, 2018, counsel for Vidillion sent a letter to Pixalate, demanding Pixalate "cease and desist from mislabeling the connected TV inventory" of Vidillion.

36.     On or about February 21, 2018, counsel for Pixalate responded and sought to confirm that Vidillion was following certain industry best practices and indicated that "failure to adhere to them can trigger Pixalate's detection solutions."

37.     On or about March 1, 2018, counsel for Vidillion responded and renewed Vidillion's demand that Pixalate "cease and desist from mislabeling Vidillion's inventory."

38.     Following further investigation by Pixalate, on or about April 13, 2018, counsel for Pixalate responded to counsel for Vidillion with additional evidence about the suspicious activity the Pixalate platform detected with respect to Vidillion's inventory.    Among other things, counsel for Pixalate identified the use of phantom.com and other non-standard SSAI behaviors.

39.     Subsequently, Vidillion ceased communication with Pixalate for nearly three months.  During that time, Pixalate's platform began detecting different, but also suspicious, activity relating to Vidillion's inventory.

40.     Although Pixalate's platform abruptly ceased detecting much phantom.com activity associated with Vidillion, and cookies were no longer retained

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

for anomalous lengths of time with respect to Vidillion's inventory, Pixalate's platform began detecting additional and significant red-flags relating to Vidillion's activity.  Therefore, Pixalate continues to have a good-faith basis to classify certain of Vidillion's inventory as IVT.

41.     On or about July 6, 2018, counsel for Vidillion wrote to counsel for Pixalate indicating he had been retained to pursue claims against Pixalate and demanding document preservation.

42.     Upon information and belief, Vidillion attempted to further camouflage its suspicious activity in an attempt to "trick" Pixalate's platform before its counsel responded to counsel for Pixalate.

43.     Based on Vidillion's past attempts to camouflage its activity once Pixalate shares the suspicious activity it has identified, Pixalate has not shared the additional and proprietary information it has detected that informs its basis to continue to classify certain of Vidillion's inventory as IVT.

44.     The parties, through counsel, exchanged additional correspondence in July and August 2018.

45.     Vidillion filed suit against Pixalate on or about August 17, 2018, alleging:  (i) false or misleading representations in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (ii) libel *per se*; (iii) libel *per quod*; (iv) trade libel; (v) intentional interference with contract; (vi) intentional interference with prospective economic advantage; (vii) unfair business act or practice; (viii) preliminary and permanent injunction; and (ix) fraud.

46.     Pixalate now seeks a declaratory judgment that it has not violated the Lanham Act, 15 U.S.C. § 1125(a) and has not engaged in any form of libel with respect to Vidillion.

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

## FIRST COUNTERCLAIM

### Declaratory Judgment

### No False or Misleading Representation in Violation of the Lanham Act

47.　Pixalate incorporates by reference and repeats and realleges the above paragraphs of its counterclaims as if fully set forth herein.

48.　An actual and justiciable controversy exists between Pixalate and Vidillion regarding representations Vidillion alleges Pixalate made because Vidillion has brought an action against Pixalate alleging false or misleading representations in violation of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), and Pixalate denies those allegations.  Absent a declaration of no violation of the Lanham Act, Vidillion will continue to wrongfully assert the purported false or misleading statements in violation of the Lanham Act against Pixalate and thereby cause Pixalate injury and damage.

49.　The purported representations made by Pixalate are not actionable.

50.　Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was literally true.

51.　Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was not false or misleading.

52.　At the very least, Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was not a statement of fact but rather an opinion expressed by Pixalate.

53.　Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was not made in commercial advertisement.

54.　Pixalate's classification of certain of Vidillion's advertisement inventory as IVT did not deceive, and did not have a tendency to deceive, a substantial segment of its audience.

55.　Pixalate requests a judicial determination and declaration of the

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

respective rights and duties of the parties in accordance with Pixalate's contentions that its classification of certain of Vidillion's advertising inventory as IVT was not a false or misleading representation and that Pixalate has not violated the Lanham Act. Such determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the classification of certain of Vidillion's advertisement inventory as IVT.

**SECOND COUNTERCLAIM**

**Declaratory Judgment**

**Pixalate Has Not Engaged In Libel *Per Se***

56.     Pixalate incorporates by reference and repeats and realleges the above paragraphs as if fully set forth herein.

57.     An actual and justiciable controversy exists between Pixalate and Vidillion regarding statements Vidillion alleges Pixalate made because Vidillion has brought an action against Pixalate alleging libel *per se* and Pixalate denies those allegations.   Absent a declaration that Pixalate has not engaged in libel *per se*, Vidillion will continue to wrongfully assert this claim against Pixalate and thereby cause Pixalate injury and damage.

58.     The purported statements made by Pixalate are not actionable and Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was not libelous.

59.     Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was literally true.

60.     Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was not false or untrue.

61.     At the very least, Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was not a statement of fact but rather an opinion expressed by Pixalate.

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

62.     Pixalate requests a judicial determination and declaration of the respective rights and duties of the parties in accordance with Pixalate's contentions that its classification of certain of Vidillion's advertising inventory as IVT was not libel *per se*.  Such determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the classification of certain of Vidillion's advertisement inventory as IVT.

## THIRD COUNTERCLAIM

### Declaratory Judgment

### Pixalate Has Not Engaged In Libel *Per Quod*

63.     Pixalate incorporates by reference and repeats and realleges the above paragraphs as if fully set forth herein.

64.     An actual and justiciable controversy exists between Pixalate and Vidillion regarding statements Vidillion alleges Pixalate made because Vidillion has brought an action against Pixalate alleging libel *per quod*, and Pixalate denies those allegations.  Absent a declaration that Pixalate has not engaged in libel *per quod*, Vidillion will continue to wrongfully assert this claim against Pixalate and thereby cause Pixalate injury and damage.

65.     The purported statements made by Pixalate are not actionable and Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was not libelous.

66.     Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was literally true.

67.     Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was not false or untrue.

68.     No defamatory interpretation of Pixalate's classification of certain of Vidillion's advertisement inventory as IVT can be given, even with knowledge of specific facts or circumstances.

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

69.   At the very least, Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was not a statement of fact but rather an opinion expressed by Pixalate.

70.   Pixalate requests a judicial determination and declaration of the respective rights and duties of the parties in accordance with Pixalate's contentions that its classification of certain of Vidillion's advertising inventory as IVT was not libel *per quod*. Such determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the classification of certain of Vidillion's advertisement inventory as IVT.

## FOURTH COUNTERCLAIM

### Declaratory Judgment

### Pixalate Has Not Engaged In Trade Libel

71.   Pixalate incorporates by reference and repeats and realleges the above paragraphs as if fully set forth herein.

72.   An actual and justiciable controversy exists between Pixalate and Vidillion regarding statements Vidillion alleges Pixalate made because Vidillion has brought an action against Pixalate alleging trade libel, and Pixalate denies those allegations.   Absent a declaration that Pixalate has not engaged in trade libel, Vidillion will continue to wrongfully assert this claim against Pixalate and thereby cause Pixalate injury and damage.

73.   The purported statements made by Pixalate are not actionable and Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was not libelous.

74.   Pixalate's classification of certain of Vidillion's advertisement inventory as IVT inventory was literally true.

75.   Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was not false or untrue.

76.     At the very least, Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was not a statement of fact but rather an opinion expressed by Pixalate.

77.     Even if Pixalate's classification of certain of Vidillion's advertisement inventory as IVT was untrue, Pixalate did not know the statements to be untrue and did not act with reckless disregard to the truth or with malice towards Vidillion.

78.     Pixalate requests a judicial determination and declaration of the respective rights and duties of the parties in accordance with Pixalate's contentions that its classification of certain of Vidillion's advertising inventory as IVT was not trade libel.  Such determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the classification of certain of Vidillion's advertisement inventory as IVT.

## PRAYER FOR RELIEF

WHEREFORE, Pixalate respectfully requests that this Court enter judgment against Vidillion as follows:

A.     Dismissing the Complaint with prejudice and ordering that Vidillion is entitled to no recovery on the Complaint;

B.     Issuing a declaration that Pixalate's classification of certain of Vidillion's advertising inventory as IVT was not a false or misleading representation and that Pixalate has not violated the Lanham Act.

C.     Issuing a declaration that Pixalate's classification of certain of Vidillion's advertising inventory as IVT was not libel *per se*.

D.     Issuing a declaration that Pixalate's classification of certain of Vidillion's advertising inventory as IVT was not libel *per quod*.

E.     Issuing a declaration that Pixalate's classification of certain of Vidillion's advertising inventory as IVT was not trade libel.

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS

F.     Award Pixalate the reasonable attorneys' fees, expenses, and costs associated with this action, under all applicable law, including finding this case exceptional under the Lanham Act; and

G.     Granting such further relief as the Court deems just and proper.

## JURY DEMAND

Pixalate hereby demands a trial by jury on all issues properly triable before a jury.


Dated:     October 2, 2018          NIXON PEABODY LLP


By: /s/ Erin J. Holyoke
Erin J. Holyoke
Jason C. Kravitz
Troy K. Lieberman

Attorneys for Defendant-
Counterclaim Plaintiff Pixalate, Inc.

ANSWER, DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT
18-CV-7270-DSF-AS