# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDILLION, INC., <br>    Plaintiff, <br><br>            v. <br><br>PIXALATE, INC., <br>    Defendant. | CV 18-7270 DSF (ASx) <br><br> Order GRANTING Motion for Judgment on the Pleadings (Dkt. No. 43) |

    Defendant Pixalate, Inc. has moved for judgment on the pleadings as to Plainitff's Lanham Act claim. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for March 25, 2019 is removed from the Court's calendar.

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> . . .
>
> **(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

Representations are "commercial advertising or promotion" if they are "1) commercial speech; . . . 3) for the purpose of influencing consumers to buy defendant's goods or services."[1] Rice v. Fox Broad. Co., 330 F.3d 1170, 1181 (9th Cir. 2003). "While the representations need not be made in a 'classic advertising campaign,' but may consist instead of more informal types of 'promotion,' the representations 4) must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." Id. "Commercial speech" is "speech which does no more than propose a commercial transaction." Id.

The only alleged representations by Defendant are representations in Defendant's "detection and filtration services and/or reports." Compl. ¶ 16. That is, statements that are, or are in, Defendant's products. A statement that is part of the product itself is generally not a commercial advertisement or promotion because it is not speech that proposes a commercial transaction, is not for the purpose of influencing consumers to buy goods or services,[2] and is not disseminated generally to the relevant

---

[1] The section portion of the test – "2) by a defendant who is in commercial competition with plaintiff" – has been abrogated by the Supreme Court. See Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 136 (2014).

[2] The mere fact that Defendant may include certain content in its products that they hope will encourage customers to buy the product does not make that content "for the purpose of influencing customers." Presumably every seller of a good or service hopes that the quality of its product is, in a sense,

purchasing public.  See, e.g., Rice, 330 F.3d at 1181 ("The claim that '*tonight, for the first time on television ...*' was part of the show itself, and was not made in promotion or marketing of the *Specials*.  Accordingly, it is not actionable as commercial advertising or promotion under the Lanham Act.").

The motion for judgment on the pleadings is GRANTED.  Leave to amend is GRANTED.  An amended complaint is to be filed no later than April 1, 2019.

The Court has reviewed the proposed further allegations in the Barrett Declaration.  In that declaration, Plaintiff indicates that it wants to substitute a new party for a Doe defendant.  Leave is granted to do so. However, the Court will not accept allegations similar to those made in the Barrett Declaration that make no distinction between the two defendants.  Plaintiff must make clear which Defendant is alleged to have done and said what things.

IT IS SO ORDERED.

Date:  March 15, 2019                    *Dale S. Fischer*
                                                          Dale S. Fischer
                                                          United States District Judge

---

its own advertising.  But that is clearly not what either Congress or the courts mean by "advertising or promotion."