Donald F. Drummond (No. 052986)
  buldogdrum@drummondlaw.net
Bridget B. Barrett (No. 188394)
  bbarrett@drummondlaw.net
DRUMMOND & ASSOCIATES
101 Mission Street, Suite 500
San Francisco, CA 94105-1885
Telephone: (415) 433-2261

Counsel for Plaintiff and Counter-defendant Vidillion, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDILLION, INC. | Case No. 2:18-CV-07270-DSF-AS |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER AND ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)** |
| PIXALATE, INC., and DOES 1 through 10, | |
| Defendants. | |
| | Judge: Hon. Dale S. Fischer |
| AND RELATED COUNTERCLAIMS. | |

## 1.    INTRODUCTION

### 1.1    Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

discovery and that the protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment

under the applicable legal principles. The parties further acknowledge, as set forth in

Section 12.3 below, that this Stipulated Protective Order does not entitle them to file

confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

that must be followed and the standards that will be applied when a party seeks

permission from the court to file material under seal.

1.2    Good Cause Statement

This action is likely to involve trade secrets, customer and pricing lists and

other valuable research, development, commercial, financial, technical and/or

proprietary information for which special protection from public disclosure and from

use for any purpose other than prosecution of this action is warranted. Such

confidential and proprietary materials and information consist of, among other

things, proprietary source code and algorithms (including without limitation

proprietary methods for analyzing advertising impressions), confidential business or

financial information, information regarding confidential business practices, or other

confidential research, development, or commercial information (including

information implicating privacy rights of third parties), information otherwise

generally unavailable to the public, or which may be privileged or otherwise

protected from disclosure under state or federal statutes, court rules, case decisions,

or common law. Accordingly, to expedite the flow of information, to facilitate the

prompt resolution of disputes over confidentiality of discovery materials, to

adequately protect information the parties are entitled to keep confidential, to ensure

that the parties are permitted reasonable necessary uses of such material in

preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: Vidillion, Inc. v. Pixalate, Inc., et al., 2:18-cv-7270 (C.D. Cal.)

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 Intentionally omitted

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE/ALGORITHM" as provided in this Order.

2.6 Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been specifically retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.  Employees of a Party are not Experts for purposes of this Order.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, and employees.

2.12    Producing Party: a Party or Non-Party that produces Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

1 CODE/ALGORITHM," as provided in this Order.

2     2.15   Receiving Party: a Party that receives Discovery Material from a
3 Producing Party.

4     2.16   Source Code: computer instructions, data structures, data
5 schema, and data definitions that can be sharable or expressed in a form suitable for
6 input to an assembler, compiler, translator, or other data processing module that the
7 Producing Party believes in good faith is not generally known to others and has
8 significant competitive value such that unrestricted disclosure to others would harm
9 the Producing Party, and which the Producing Party would not normally reveal to
10 third parties except in confidence or has undertaken with others to maintain in
11 confidence.  Source Code may include graphical and design elements and may be
12 included in structured files in formats including, but not limited to, SQL, HTML,
13 XML, XSL, and SGML.  Source Code shall not include folder and file structures
14 containing the computer instructions, data structures, data schema, and data
15 definitions listed above.  Source Code shall not include publicly available computer
16 instructions, data structures, data schema, and/or data definitions.

17     2.17 Algorithm: one or more process(es), set of rules, or methodology
18 (including without limitation data points collected and used in connection with any
19 such process, set of rules, or methodology) to be followed in calculations, data
20 processing, data mining, pattern recognition, automated reasoning or other
21 problem-solving operations, including those that transform an input into an output,
22 especially by computer.

23     3.     SCOPE

24     The protections conferred by this Order cover not only Protected Material (as

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Once a case proceeds to trial, all of the information to be submitted at trial that was designated as Protected Material or maintained pursuant to this Order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Katakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material,

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415-433-2261

documents, items, or communications for which protection is not warranted are not

swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations

that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber the case development process or to impose

unnecessary expenses and burdens on other parties) may expose the Designating

Party to sanctions. If it comes to a Designating Party's attention that information or

items that it designated for protection do not qualify for protection, that Designating

Party must promptly notify all other Parties that it is withdrawing the inapplicable

designation.

5.2    Manner and Timing of Designations. Except as otherwise

provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as

otherwise stipulated or ordered, Discovery Material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or

produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or

electronic documents, but excluding transcripts of depositions or other pretrial or

trial proceedings), that the Producing Party affix at a minimum, the legend

"CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or

"CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

CODE/ALGORITHM" (hereinafter "CONFIDENTIAL legend"), to each page that

contains Protected Material. If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected

1  portion(s) (e.g., by making appropriate markings in the margins).

2      A Party or Non-Party that makes original documents available for inspection

3  need not designate them for protection until after the inspecting Party has indicated

4  which documents it would like copied and produced. During the inspection and

5  before the designation, all of the material made available for inspection shall be

6  deemed "CONFIDENTIAL - ATTORNEYS' EYES ONLY," except for inspection

7  of Source Code/Algorithm inspected pursuant to Section 5.5 below.  After the

8  inspecting Party has identified the documents it wants copied and produced, the

9  Producing Party must determine which documents, or portions thereof, qualify for

10  protection under this Order. Then, before producing the specified documents, the

11  Producing Party must affix the "CONFIDENTIAL legend" to each page that

12  contains Protected Material. If only a portion or portions of the material on a page

13  qualifies for protection, the Producing Party also must clearly identify the protected

14  portion(s) (e.g., by making appropriate markings in the margins).

15      (b)    for testimony given in depositions that the Designating

16  Party identify the Discovery Material on the record, before the close of the

17  deposition all protected testimony or by sending written notice that the testimony is

18  designated within fifteen (15) days of receipt of the transcript of the testimony. All

19  information disclosed during a deposition shall be deemed CONFIDENTIAL -

20  ATTORNEYS' EYES ONLY until the time within which it may be appropriately

21  designated as provided for herein has passed, with the exception of any portion of a

22  deposition previously designated "CONFIDENTIAL - OUTSIDE ATTORNEYS'

23  EYES ONLY - SOURCE CODE/ALGORITHM", which shall be treated

24  accordingly. Counsel for any Producing Party shall have the right to exclude from

oral depositions, other than the deponent, deponent's counsel, the questioning counsel, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion during depositions shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY - SOURCE CODE/ALGORITHM."

If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate Discovery Material as Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order and to cooperate with the Producing Party in effectuating and communicating that treatment.

5.4     Confidentiality Designation Categories.

Any Producing Party may designate Discovery Material with any of the of the following designations, provided that it meets the requirements for such designations as provided for herein: (1) "CONFIDENTIAL;" (2) "CONFIDENTIAL -

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

ATTORNEYS' EYES ONLY"; and (3) "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE/ALGORITHM."

(a)     CONFIDENTIAL Designation.  A Producing Party may designate Discovery Material "CONFIDENTIAL" if the Producing Party has a good faith belief that the Discovery Material constitutes or contains confidential technical, sales, marketing, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons.

(b)     CONFIDENTIAL - ATTORNEYS' EYES ONLY Designation. A Producing Party may designate Discovery Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY" if the Producing Party has a good faith belief that the Discovery Material constitutes or contains proprietary information, which if made public, may cause harm to the competitive position of the Producing Party.

(c)     CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE/ALGORITHM. A Producing Party may designate Discovery Material "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE/ALGORITHM" if the Producing Party has a good faith belief that the Discovery Material is in the form of Source Code or constitutes an Algorithm that the Producing Party believes in good faith is so commercially sensitive or confidential that the disclosure to another Party, even under the restricted terms and conditions applicable to material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" would not provide adequate protection to the interest of the Producing Party.

5.5     Disclosure and Review of Source Code and/or Algorithm

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

Any Source Code and/or Algorithm that a Producing Party produces shall be produced or made available only to persons authorized to have access pursuant to Section 7.3, unless otherwise mutually agreed to by the Parties in writing.

(a) Making Source Code/Algorithm Available at Secure Facility. A Producing Party may, at the Producing Party's sole discretion, make any Source Code/Algorithm produced in this Action available on "standalone" computers (that is, not connected to a network, Internet or peripheral device except that the standalone computer may be connected to a printer) at a secure third party facility in the Los Angeles, California metropolitan area (the "Secure Facility"), at the office of counsel for the Producing Party, or at a location mutually agreed upon by the Receiving and Producing Parties. In the event a Producing Party elects to make Source Code/Algorithm available at a Secure Facility, the Parties agree to meet and confer in good faith to select the Secure Facility to be used for the production.

(1) Regardless of which alternative a Producing Party chooses pursuant to this subsection, if any, the Producing Party's Source Code/Algorithm shall be available for inspection by a Receiving Party's Outside Counsel of Record and/or Expert - and no one else - during regular business hours for a nine-hour period between 9:00 a.m. and 6:00 p.m. as long as the Receiving Party provides written notice requesting access to the Source Code/Algorithm at least ten (10) business days in advance.

(2) No recordable media or recordable devices, including without limitation sound recorders, computers, cell phones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind shall be permitted in the

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

1    room housing the standalone computer(s) containing the Source Code/Algorithm.

2    　　　　　(3)　　Except as provided in subsection (f) below, the

3    inspecting party may not copy, remove, or transfer any portion of the Source

4    Code/Algorithm made available on the standalone computer(s) for inspection. The

5    Producing Party may require anyone performing the Source Code/Algorithm

6    inspection to sign a document attesting under oath that they have honored the

7    restrictions set forth in these subsections (2) and (3).

8    　　　　　(4)　　The expenses incurred in connection with making

9    the Source Code/Algorithm of a Producing Party available at the Secure Facility

10   shall be borne by one half by the Receiving Party and one half by the Producing

11   Party whose Source Code/Algorithm is maintained at the Secure Facility, or on such

12   other terms as the Parties may agree.

13   　　　　　(5)　　If a Producing Party makes its Source

14   Code/Algorithm available for review at the offices of Outside Counsel of Record for

15   the Producing Party, then the Producing Party shall provide the Receiving Party with

16   information explaining how to start, log on to, and operate the standalone

17   computer(s) in order to access the Source Code/Algorithm on the standalone

18   computer(s).

19   　　　　　(b)　　Producing Source Code/Algorithm to Outside Counsel of

20   Record for the Receiving Party. Alternatively, a Producing Party may, at the

21   Producing Party's sole discretion, produce Source Code/Algorithm to Outside

22   Counsel of Record for the Receiving Party, who shall maintain and store such

23   Source Code/Algorithm, including without limitation, the following minimum

24   safeguards:

(1)    Any external media (e.g., hard drives, DVDs) containing Source Code/Algorithm must be conspicuously marked "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE/ALGORITHM." The external media must only be accessed on a standalone computer and must be disconnected from and/or removed from the standalone computer and stored in a locked safe or cabinet when it is not actually being used to view the Source Code/Algorithm contained therein;

(2)    The standalone computer and the safe or storage cabinet must be kept in a locked and secure room with access to such room permitted only via a key (or card) system;

(3)    The standalone computer and/or external media used to store the Source Code/Algorithm shall be password protected;

(4)    No electronic copies of Source Code/Algorithm, other than volatile copies necessarily made in the course of loading and accessing the Source Code/Algorithm on the standalone computer, shall be made.

(c)    Production of Source Code/Algorithm in Electronic Native Format. All Source Code/Algorithm shall be produced or made available in electronic native format, to the extent it exists in that format and can be produced or made available in that format without undue burden.

(d)    Storing Source Code/Algorithm at Alternate Facility. If Outside Counsel of Record for the Receiving Party desires to store and access Source Code/Algorithm produced in accordance with this Section, or printed copies of Source Code/Algorithm produced in accordance with this Section, in a secure facility at a location other than its own offices, such counsel shall propose in writing

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

1  to Outside Counsel of Record for the Producing Party the precise location of the

2  alternative proposed secure facility. Source Code/Algorithm shall not be located in

3  such new facility unless and until approved in writing by Outside Counsel of Record

4  for the Producing Party, which approval shall not be unreasonably withheld.

5        (e)    Viewing and Searching Tools. In the event of production

6  at a Secure Facility or at the office of counsel for the Producing Party, the Producing

7  Party shall install or provide tools that are sufficient for viewing, searching, and

8  analyzing the produced Source Code/Algorithm, if such tools exist and are presently

9  used in the ordinary course of the Producing Party's business. If the Receiving Party

10  wishes to use additional tools, the Receiving Party may request that commercially

11  available software tools for viewing, searching, and analyzing Source

12  Code/Algorithm be installed at the Secure Facility or office of counsel for the

13  Producing Party, provided, however, that such other software tools are reasonably

14  necessary for the Receiving Party to perform its review of the Source

15  Code/Algorithm and are in compliance with all of the terms, conditions, and

16  protections of this Order.  In such case, the Receiving Party will bear the expense of

17  providing the requested tools.  Reasonable commercially available software tools

18  shall include "Visual Studio" and "Understand" tools.  The Producing Party shall not

19  make any modifications to any installed tools without the consent of the Receiving

20  Party.

21        (f)    Printing Paper Copies of Source Code/Algorithm. The

22  Receiving Party shall be allowed to obtain printouts on colored paper of Source

23  Code/Algorithm inspected and reviewed pursuant to this Section, in accordance

24  with the following provisions:

1  (1)  The Receiving Party shall only be entitled to

2  printouts of those portions of the Source Code/Algorithm reasonably necessary to

3  case preparation activity. The Receiving Party shall not print any continuous block

4  of Source Code/Algorithm that results in more than twenty-five (25) printed pages,

5  and shall not print more than 100 pages of Source Code/Algorithm in total for each

6  Producing Party. The printed portions shall be printed in no smaller than twelve (12)

7  point font. The Receiving Party may in good faith make a further request to print

8  continuous blocks that exceed twenty-five (25) pages, or Source Code/Algorithm

9  exceeding 100 pages in total for each Producing Party. The Producing Party may

10  object to such a request, but shall not unreasonably deny such a request.

11  (2)  To the extent reasonably practicable, any pages of

12  Source Code/Algorithm printed by the Receiving Party in accordance with the terms

13  of this order shall be Bates numbered and labeled "CONFIDENTIAL - OUTSIDE

14  ATTORNEYS' EYES ONLY - SOURCE CODE/ALGORITHM" by the Producing

15  Party. The Producing Party shall provide one (1) copy set of such pages to the

16  Receiving Party within five (5) business days of the date the pages were printed by

17  the Receiving Party and shall retain the original set, unless the Producing Party has a

18  good faith belief that the volume or content of the printed portions of the Source

19  Code/Algorithm are not requested for legitimate discovery purposes. The Producing

20  Party will provide the Receiving Party written notice of any such objection and a

21  reasonable description of the basis for such objection within this five (5) business

22  day period. The Producing Party and the Receiving Party shall meet and confer

23  regarding any such objection within five (5) business days of the written notice of

24  the objection. If, after meeting and conferring, the Producing Party and the

Receiving Party cannot resolve the objection, the Producing Party shall be entitled

to seek a Court resolution of the dispute within five (5) business days of the

conclusion of the meet and confer process. The printed pages shall constitute part of

the Source Code/Algorithm produced by the Producing Party in this Action.

(3)     The Receiving Party shall not print Source

Code/Algorithm in order to review blocks of source code elsewhere in the first

instance, i.e., as an alternative to reviewing the Source Code/Algorithm

electronically on the standalone computer, as the Parties acknowledge and agree

that the purpose of the protections herein would be frustrated by printing portions of

Source Code/Algorithm for review and analysis elsewhere.

(g)     Identification of Persons Inspecting or Viewing Source

Code/Algorithm. A Receiving Party seeking to inspect a Producing Party's Source

Code/Algorithm shall identify in writing to the Producing Party the persons who will

be conducting the inspection or will be present during the inspection no less than

three (3) business days in advance of any such inspection. Such identification shall

be in addition to any disclosure required pursuant to any other provision in this

Order.

(h)     Copies of Printed Source Code/Algorithm Pages. The

Receiving Party's Outside Counsel of Record may make no more than three (3)

paper copies of any page of the Source Code/Algorithm received from a Producing

Party following inspection under this Section. To the extent the Receiving Party

seeks to make additional paper copies of a particular Producing Party's Source

Code/Algorithm, the Parties shall meet and confer in good faith. Electronic copies of

Source Code/Algorithm may not be made without prior written consent of the

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

Producing Party, except to the extent necessary to e-file a document with the Court. In no event may copies of Source Code/Algorithm be scanned using optical character recognition ("OCR") or similar technology.

        (i)     Notes. The Receiving Party's Outside Counsel of Record and retained Experts otherwise allowed to view Source Code/Algorithm shall be entitled to take notes relating to the Source Code/Algorithm provided, however, that no one may copy ay specific lines of Source Code/Algorithm into said notes. Such notes shall be stored in a secure location when an authorized person is not reviewing the Source Code/Algorithm and shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURE CODE/ALGORITHM."

        (j)     Paper Copies of Source Code/Algorithm and Notes to be Secured. The Receiving Party's Outside Counsel of Record and retained Experts must maintain any paper copies of and notes relating to the Source Code/Algorithm in a secure location in a manner that prevents duplication of or unauthorized access to the Source Code/Algorithm or notes when not in use, such as storing the Source Code/Algorithm or notes in a locked room or cabinet at all times when it is not in use. Any paper copies of such Source Code/Algorithm or notes related to such Source Code/Algorithm shall be labeled "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE/ALGORITHM."

        (k)     Deposition Exhibits Containing Source Code/Algorithm. The Parties shall not provide the court reporter with copies of Source Code/Algorithm that are marked as deposition exhibits and such exhibits shall not be attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(l)     Miscellaneous.

(1)     The Producing Party may not configure its Source Code in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the Source Code or allows the Producing Party to monitor the Receiving Party's inspection (e.g., key logging, video capture, etc.).

(2)     Images or copies of Source Code/Algorithm shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.

(3)     All cumulative paper or electronic copies of Source Code/Algorithm shall be securely destroyed in a timely manner if they are no longer in use (e.g., at the conclusion of a deposition).

(4)     Access to and review of Source Code/Algorithm shall be strictly for the purpose of investigating the claims and defenses at issue in this Action. No person shall review or analyze any Source Code/Algorithm for purposes unrelated to this Action, nor may any person use any specific knowledge gained as a result of reviewing Source Code/Algorithm in this Action in any other pending or future dispute, proceeding, or litigation.

(5)     Any Discovery Material designated by a Producing Party "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE/ALGORITHM" which is not in the form of computer Source Code shall be produced to a Receiving Party in electronic format. The limits above applying to access, printing, and copies of Source Code and notes relating to Source Code shall apply to such Discovery Materials. The Receiving Party's Outside Counsel of

Record and retained Experts must maintain such Discovery Material in a secure location in a manner that prevents duplication of or unauthorized access to the Source Code or notes when not in use, including, without limitation, storing the Source Code or notes in a locked room or cabinet at all times when it is not in use.

(6)     The Receiving Party shall comply with any applicable export controls under the laws of the United States and agrees not to knowingly export, re-export, or transfer any Source Code/Algorithm of the Producing Party outside of the United States without first obtaining authorization from the Producing Party.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (the witness sign the form attached as Exhibit A hereto, or unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Counsel of Record.

(b)     No more than one (1) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action and who has

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

1  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

2          7.4    Disclosure of "CONFIDENTIAL - OUTSIDE ATTORNEYS'

3  EYES ONLY - SOURCE CODE/ALGORITHM" Information or Items. Unless

4  otherwise ordered by the court or permitted in writing by the Designating Party, a

5  Receiving Party may disclose any information or item designated

6  "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

7  CODE/ALGORITHM" only to: all persons allowed access to Discovery Material

8  designated as 'CONFIDENTIAL" as set forth in section 7.2(a), (c) (subject to

9  Section 7.5 below), (d), (e), (f), (g), (h), and (i) above pursuant to the same terms

10 and conditions and further pursuant to Section 5.5.  Notwithstanding the foregoing,

11 Discovery Material designated as "CONFIDENTIAL - OUTSIDE ATTORNEYS'

12 EYES ONLY - SOURCE CODE/ALGORITHM," by a Producing Party may not be

13 disclosed to the House Counsel or business representatives of any Party (including

14 House Counsel for any affiliates of that Party) without written consent of the

15 Producing Party.

16         7.5    Notice of Proposed Disclosure to Expert. Prior to disclosing any

17 Protected Material to an Expert, the Party proposing disclosure to such Expert shall

18 serve on all parties: (1) a copy of the "Acknowledgment and Agreement to Be

19 Bound" (Exhibit A) executed by the Expert; (2) the present employer and title of the

20 person; (3) an up-to-date curriculum vitae of the person; (4) an identification of any

21 work performed by that person since 2008 for or on behalf of a Producing Party

22 whose documents are the subject of the proposed disclosure, any affiliate of that

23 Producing Party, or any direct competitor of that Producing Party to the extent the

24 Expert is aware of an affiliate or competitive relationship after a reasonable

1    investigation.

2              (a)     Within seven (7) calendar days of receipt of this

3    information, any Party may object to the proposed Expert for good cause. Any such

4    objection shall be served on all parties and: (1) state in detail the basis for the

5    objection; (2) identify the categories of Protected Matter that the objection applies

6    to; (3) state how the objecting Party believes the disclosure may be harmful; and (4)

7    state why the objecting Party believes the protections already afforded under this

8    Order would be inadequate to prevent the anticipated harm such that objection is

9    warranted.

10             (b)     If a Party objects to the proposed disclosure to an Expert

11   within the time and in the manner required, the objecting Party and the Party

12   proposing disclosure shall meet and confer within five (5) business days to resolve

13   the objection. If the objection is not resolved within this five (5) day period, the

14   objecting Party may move the Court for an order preventing disclosure of the

15   information to the designated Expert within five (5) business days after the meet and

16   confer, and the Party proposing disclosure shall not disclose such information to its

17   designated Expert until either the five business days lapse or, if the objecting Party

18   makes a motion, until the Court rules on the motion. The objecting Party bears the

19   burden of proof to prevent disclosure to the Expert. The parties will not oppose any

20   Party's request for expedited briefing regarding any disputed objection providing for

21   no more than three (3) business days for a response brief, two (2) business days for

22   a reply brief, and two (2) business days for a sur-reply brief.

23             (c)     A Party's failure to object to a disclosure of Protected

24   Material to a retained Expert shall not preclude any Party from later objecting to

continued access to such material by that Expert, so long as the objection is made in a timely manner after acquiring knowledge of the facts providing the basis for the objection. If a Party asserts an objection to continued access to Protected Material by an Expert, no further Protected Material shall be disclosed to the Expert until the Court resolves the matter or the objecting Party withdraws its objection. If an objection is made, the objecting Party and the Party proposing continued disclosure shall follow the procedure described above in section (b) for resolving such objections.

      7.6    Providing Advice to Clients. Nothing in this Order shall preclude any attorney from providing to their clients an evaluation of any Protected Material produced or exchanged in this Action provided, however, that, in rendering such advice and otherwise communicating with their client, Outside Counsel of Record shall not disclose the contents of any Protected Material produced by another Producing Party if such a disclosure would be contrary to the terms of this Order.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated as Protected Materials in this Action, that Party must:

      8.1    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      8.2    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

1  a copy of this Stipulated Protective Order; and

2          8.3    cooperate with respect to all reasonable procedures sought to be

3  pursued by the Designating Party whose Protected Material may be affected.

4          If the Designating Party timely seeks a protective order, the Party

5  served with the subpoena or court order shall not produce any information

6  designated in this action as Protected Material before a determination by the court

7  from which the subpoena or order issued, unless the Party has obtained the

8  Designating Party's permission. The Designating Party shall bear the burden and

9  expense of seeking protection in that court of its confidential material and nothing in

10  these provisions should be construed as authorizing or encouraging a Receiving

11  Party in this Action to disobey a lawful directive from another court.

12
13        9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
                PRODUCED IN THIS LITIGATION

14          9.1    The terms of this Order are applicable to information produced

15  by a Non-Party in this Action and designated as Protected Material. Such

16  information produced by Non-Parties in connection with this litigation is protected

17  by the remedies and relief provided by this Order. Nothing in these provisions

18  should be construed as prohibiting a Non-Party from seeking additional protections.

19          9.2    In the event that a Party is required, by a valid discovery request,

20  to produce a Non-Party's confidential information in its possession, and the Party is

21  subject to an agreement with the Non-Party not to produce the Non-Party's

22  confidential information, then the Party shall:

23          (a)    promptly notify in writing the Requesting Party and the

24  Non-Party that some or all of the information requested is subject to a

confidentiality agreement with a Non-Party;

(b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party, if requested.

9.3    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. FEDERAL RULE OF EVIDENCE 502(d) AND PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

The inadvertent production of privileged or work-product protected documents, electronically-stored information ("ESI") or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained in this section is intended to, nor shall serve to, limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness or segregation of privileged and/or protected information before production.

## 12. MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. A Party that seeks to file under seal

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.    FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

14.    Any violation of this Order may be punished by any and all appropriate

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

1 measures including, without limitation, contempt proceedings and/or monetary
2 sanctions.

3     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4 Dated: March 5, 2019           DRUMMOND & ASSOCIATES

6          By:
7             Donald F. Drummond
            Attorneys for Plaintiff Vidillion, Inc.

9 Dated: March 15, 2019         FAEGRE BAKER DANIELS LLP

11          By: _
12             Joel D. Sayres
            Attorneys for Defendant Pixalate, Inc.

13

14                ORDER

15    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

16 Dated:   March 22, 2019

17                   /s/

18                  Honorable Alka Sagar
19                  United States Magistrate Judge

20

21

22

23

24