UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDILLION, INC.,<br>    Plaintiff,<br><br>           v.<br><br>PIXALATE, INC.,<br>    Defendant. | CV 18-7270 DSF (ASx)<br><br>Order GRANTING Motion to Dismiss (Dkt. No. 54) |

Defendant Pixalate, Inc. moves to dismiss Plaintiff Vidillion, Inc.'s first amended complaint (FAC). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

The Court previously dismissed Vidillion's Lanham Act claim because the alleged misrepresentations were not made in "commercial advertising or promotion." Representations are "commercial advertising or promotion" if they are "1) commercial speech; . . . 3) for the purpose of influencing consumers to buy defendant's goods or services."[1] Rice v. Fox Broad. Co., 330 F.3d 1170, 1181 (9th Cir. 2003). "While the representations need not be made in a 'classic advertising campaign,' but may consist instead of more informal types of 'promotion,' the representations

---

[1] The section portion of the test – "2) by a defendant who is in commercial competition with plaintiff" – has been abrogated by the Supreme Court. See Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 136 (2014).

4) must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." Id. "Commercial speech" is "speech which does no more than propose a commercial transaction." Id.

Vidillion's additional allegations do not adequately allege that any misrepresentations were made in "commercial advertising or promotion." Vidillion concedes that the speech in question did more that "propose a commercial transaction." The only allegations that any speech in question was "for the purpose of influencing consumers to buy [Pixalate's] goods or services" are conclusory recitations of the standard -- which the Court need not credit on a motion to dismiss. See FAC ¶¶ 24-25, 36; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). There are also no allegations that would allow an inference that any statements made by Pixalate were "disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." The FAC alleges that Pixalate's services were "to hundreds or thousands of . . . entities nationwide and/or internationally," FAC ¶ 39, but the Court found in its previous order that Pixalate's services are not commercial advertising or promotion. The allegedly false statements independent of Pixalate's services were only "disseminated to a number of Vidillion's advertising demand partners representing a substantial percentage of Vidillion's advertising inventory sales." Id. Dissemination to "a number of Vidillion's advertising demand partners" is not an allegation of wide dissemination within the relevant purchasing public.

Vidillion's state law claims also fail. The libel claims are not sufficiently pleaded because they fail to provide any particularity as to what was said, when, and to whom. "[W]here a plaintiff seeks damages or injunctive relief, or both, for conduct which is prima facie protected by the First Amendment, the danger that

2

the mere pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than would otherwise be required." Franchise Realty Interstate Corp. v. San Francisco Local Joint Exec. Bd. of Culinary Workers, 542 F.2d 1076, 1082–83 (9th Cir. 1976); see also Flowers v. Carville, 310 F.3d 1118, 1130 (9th Cir. 2002).[2]  The intentional interference claims fail because they fail to allege any wrongful conduct independent of the interference itself.  See Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 392-93 (1995).  The unfair business practices claim is premised on the Lanham Act violation and fails for the same reasons.  The fraud claim is not pleaded with particularity as required by Rule 9(b).  There are no details of the particular fraudulent statements, when they were made, or to whom.

The motion to dismiss is GRANTED.  Leave to amend is granted consistent with this order.  An amended complaint must be filed and served no later than June 28, 2019.  Failure to file by that date will waive the right to do so.  The Court does not grant leave to add new defendants or new claims.  Leave to add

---

[2] Flowers noted "some tension" between Franchise Realty and the statement by the Supreme Court in Calder v. Jones, 465 U.S. 783, 790–91 (1984), that "We have already declined in other contexts to grant special procedural protections to defendants in libel and defamation actions in addition to the constitutional protections embodied in the substantive laws." Flowers, 310 F.3d at 1131 n.8.  However, Franchise Realty is not "clearly irreconcilable with the reasoning or theory of intervening higher authority." See Miller v. Gammie, 335 F.3d 889, 893 (9th Cir. 2003).  Calder was concerned with personal jurisdiction, not pleading.  It provides little insight into how the Supreme Court would rule if it considered pleading requirements for libel claims.

defendants or new claims must be sought by a separate, properly noticed motion.

    IT IS SO ORDERED.

Date: June 5, 2019                 _____
                                              Dale S. Fischer
                                              United States District Judge