Donald F. Drummond (No. 052986)
 buldogdrum@drummondlaw.net
Bridget B. Barrett (No. 188394)
 bbarrett@drummondlaw.net
DRUMMOND & ASSOCIATES
101 Mission Street, Suite 500
San Francisco, CA 94105-1885
Telephone:  (415) 433-2261

Counsel for Plaintiff and Counter-defendant Vidillion, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDILLION, INC.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PIXALATE, INC., LKQD<br>TECHNOLOGIES, INC., and DOES 1<br>through 10,<br><br>　　　　　Defendants.<br>―――――――――――――――<br>AND RELATED<br>COUNTERCLAIMS.<br>―――――――――――――――| Case No. 2:18-CV-07270-DSF-AS<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION: VIOLATION OF LANHAM ACT [15 U.S.C. § 1125(a)]; LIBEL; TRADE LIBEL; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; UNFAIR BUSINESS ACT OR PRACTICE [Cal. Bus. & Prof. Code § 17200]; AND FRAUD**<br><br>Jury Trial Demanded |

Plaintiff Vidillion, Inc. ("Plaintiff" or "Vidillion")

alleges as follows:

## GENERAL ALLEGATIONS

### The Parties

1.　　At all times mentioned herein, Plaintiff was and is a

corporation organized under the laws of the State of Delaware, having its principal

1   place of business in the State of Nevada.

2        2.    Plaintiff is informed and believes and on that basis alleges that

3   at all times mentioned herein, defendant Pixalate, Inc. ("Pixalate") was and is a

4   corporation organized under the laws of the State of Delaware, having its principal

5   place of business in Los Angeles, California.

6        3.    Plaintiff is informed and believes and on that basis alleges that

7   at all times mentioned herein, defendant LKQD Technologies, LLC ("LKQD")

8   was and is a limited liability company operating as a division of Nexstar Digital

9   LLC, a Delaware limited liability company, and having its principal place of

10  business in Foothill Ranch, California.

11       4.    Plaintiff does not presently know the true names and capacities

12  of the defendants sued herein as DOES 1 through 10, inclusive, because the

13  identities of DOES 1 through 10 are particularly within the knowledge of Pixalate

14  and/or LKQD (collectively, "Defendants").  Plaintiff will seek leave of court to

15  amend this complaint to allege said defendants' true names and capacities as soon

16  as Plaintiff ascertains them.

17               **Jurisdiction and Venue**

18       5.    The jurisdiction of this Court over the subject matter of this

19  action is predicated on the existence of a claim arising under the laws of the

20  United States, pursuant to 28 U.S.C. § 1331.

21       6.    Personal jurisdiction is proper before this Court because

22  Defendants Pixalate and LKQD are domiciled in the State of California.

23       7.    Venue is proper in the Central District of California pursuant to

24  28 U.S.C. § 1391(b) because a substantial part of the actions that form the basis of

1    Plaintiff's claims against Defendants occurred in this judicial district.  Venue is

2    also proper in this district because Defendants are subject to personal jurisdiction

3    in this district and thus are deemed residents hereof pursuant to 28 U.S.C. §

4    1391(b),(c).

5                              **Background**

6              8.    Plaintiff Vidillion is a video advertising content distributor.  Its

7    customers are television broadcasters and content owners that desire to distribute

8    their video content to viewers on "Connected TV" or "CTV" devices such as

9    Roku, Apple TV, and Amazon FireTV, as well as other forms of streaming video

10   content-delivery devices.

11             9.    Vidillion is a large provider in the industry, utilizing its

12   proprietary advertising platform and ad management/delivery technology both to

13   distribute content and to perform ad splicing services, primarily for CTV.  In May

14   2018, it distributed CTV advertising in 203 countries.

15             10.   Plaintiff's system uses a "server-side" method for splicing

16   advertising content into a CTV stream, on a "per session" basis for the viewer.

17   This method enables advertisers uniquely and individually to target advertising

18   during a normal advertising break in the video.  Vidillion's technology has been

19   tested and approved by many broadcasters, including some of the most prominent

20   networks in the world.  Plaintiff's system includes a patented technology for

21   verification of video delivery.

22             11.   Over the past eight years, Plaintiff has integrated its proprietary

23   technology with numerous independent advertising management and marketing

24   platform services in the industry to deliver its content inventory.  Until the

1  occurrence of Defendants' acts that are the subject of this Complaint, Plaintiff had

2  never experienced a single complaint about its inventory.

3          12.     Plaintiff is informed and believes and on that basis alleges that

4  Pixalate is a provider of third-party advertising delivery fraud detection services,

5  including detection of fraud in video advertising delivery.  Pixalate holds itself out

6  to the public as an expert in the field of video advertising delivery fraud detection

7  generally.

8          13.     Plaintiff is informed and believes and on that basis alleges that

9  Pixalate does not possess the technological capability and/or understanding to

10 assess accurately the validity of CTV advertising delivery services using server-

11 side ad insertion.

12         14.     The technology and processes for server-side ad insertion,

13 which Vidillion exclusively employs, is significantly different from the technology

14 and processes relating to client-side ad insertion, which is the type of video

15 advertising insertion that Pixalate is accredited to monitor.   Plaintiff is informed

16 and believes and on that basis alleges that Pixalate does not possess the

17 technological capability and/or understanding to assess accurately the validity of

18 advertising delivery accomplished through server-side ad insertion.

19         15.     Plaintiff is informed and believes and on that basis alleges that

20 LKQD is the provider of an online "end-to-end" video advertising platform that

21 includes one of the video advertising industry's largest marketplaces, facilitating

22 exchange between sellers and buyers of advertising inventory.

23         16.     In or about late 2017, Vidillion noticed that sales of its

24 advertising inventory to nearly all of its advertising demand partners who utilized

the LKQD platform dropped off dramatically.  LKQD did not respond to Plaintiff's inquiries about the sudden cessation.

17.     Beginning on or about February 16, 2018, counsel for Plaintiff notified Pixalate in writing that its labeling of Plaintiff's inventory was false and erroneous.

18.     Pixalate nonetheless failed and refused to desist from falsely stating that Plaintiff's inventory is fraudulent and/or not viewable.

19.     In or about early 2018, Vidillion was notified by one of its advertising demand partners (which purchases advertising inventory from Plaintiff) that LKQD, who was using Pixalate's SIVT detection and filtration services and/or reports for desktop and mobile web, had on the basis of Pixalate's statements incorrectly classified Vidillion's entire CTV inventory as fraudulent and/or not viewable and rendered the inventory inaccessible for purchase on the LKQD platform.

20.     At or about the same time, Vidillion was notified by another of its advertising demand partners that in March 2018, Pixalate had labeled Vidillion inventory as 100% IVT/SIVT.  Plaintiff is informed and believes and on that basis alleges that when the advertising demand partner inquired of Pixalate about the classification, Pixalate re-stated to the advertising demand partner that this classification was correct.

21.     Because LKQD would not respond to Vidillion attempts to resolve the issue, Vidillion requested that its advertising demand partners using the LKQD platform instead utilize another platform for the purpose of purchasing Vidillion inventory.

22.     Plaintiff is informed and believes and on that basis alleges that in an effort to promote the use of its services and with specific intention to divert Vidillion ad demand partners away from Vidillion and toward itself and/or to an affiliated Vidillion competitor, commencing in or about April 2018, LKQD affirmatively emailed a significant portion of the relevant purchasing public (whose number is currently unknown to Plaintiff and is uniquely within the knowledge of LKQD), including certain of Vidillion advertising demand partners, and instructed them to stop purchasing Vidillion advertising inventory on the false basis that the inventory was fraudulent.  Specifically, LKQD falsely stated that Vidillion inventory was sending fraudulent traffic containing the "phantom.com" domain within its headers.

23.     Plaintiff is informed and believes and on that basis alleges that within the context of encouraging its customers to continue purchasing and relying upon its service, Pixalate affirmatively and falsely stated in writing to a significant portion of the relevant purchasing public (whose number is currently unknown to Plaintiff and is uniquely within the knowledge of Pixalate), including certain of Vidillion's advertising demand partners, in writing that Vidillion inventory constituted IVT/SIVT and "publisher fraud"; specifically, that the inventory was "flagged because the domain is detected as [phantom.com]phantom.com. Phantom.com is a domain which is no longer accessible, and when it was, it was owned by a well-known hacker, Bruce Fancher . . . ."

24.     Defendants' statements that Vidillion inventory is IVT/SIVT, fraudulent, not viewable, and or passing the phantom.com domain are completely false.

25.     Plaintiff holds a patent for verification of advertising delivery in a video stream.  Its practices are in full compliance with the prevailing technical standards in the industry.   It has never passed the phantom.com domain in any portion of its inventory.  There is no reasonable basis on which its inventory could or should be labeled as invalid or fraudulent.

26.     Plaintiff is informed and believes and on that basis alleges that Pixalate markets its products and services to prospective and actual customers on the basis that they are accurate and based on hard evidence.

27.     Defendants made the disparaging statements about Vidillion's inventory without a good faith belief in their truth, because Vidillion contacted each of Pixalate and LKQD to explain that Vidillion's inventory was not IVT/SIVT or fraud.   Plaintiff is informed and believes and on that basis alleges that Defendants nonetheless continued making the disparaging statements because it was in their pecuniary interest to do so.

28.     Plaintiff is informed and believes and on that basis alleges that because Defendants have falsely and repeatedly stated that Vidillion's inventory is fraudulent and/or not viewable, other existing and potential buyers of Plaintiff's inventory have been and continue to be, discouraged from buying Vidillion inventory.

29.     Moreover, Plaintiff is informed and believes and on that basis alleges that the statements claiming that Vidillion's inventory is fraudulent and/or not viewable has harmed Vidillion's reputation in the industry as a high-quality and trustworthy provider of CTV advertising inventory.

**FIRST CAUSE OF ACTION**

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

SECOND AMENDED COMPLAINT [Case No. 2:18-CV-07270-DSF-AS]

**False or Misleading Representation in Violation of the Lanham Act -**

**All Defendants**

**(15 U.S.C. §1125(a)(1)(B))**

30.     Plaintiff re-alleges and incorporates by this reference each and every allegation of the above paragraphs 1 through 29 inclusive, as if fully set forth herein.

31.     Plaintiff is informed and believes and on that basis alleges that within the context of encouraging them to continue purchasing and relying upon its service, Pixalate affirmatively and falsely stated in writing to a significant portion of the relevant purchasing public (whose number is currently unknown to Plaintiff and is uniquely within the knowledge of Pixalate), including certain of Vidillion's advertising demand partners, that Vidillion inventory constituted IVT/SIVT and "publisher fraud".

32.     Plaintiff is informed and believes and on that basis alleges that Pixalate has made secondary use of its false statements within the meaning of *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 859 F.Supp. 1521, 1544 (S.D.N.Y. 1994), *as modified by Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48 (2d Cir. 2002).  Specifically, Pixalate has made use of the false designation of Vidillion's advertising inventory to increase the purported levels of IVT/SIVT and fraud detected by Pixalate, so as to market its services and promote the services of its customers on the basis of Pixalate's claimed success at detecting IVT/SIVT and fraud with greater frequency than its competitors on its website, in press releases, and in other marketing-related communications in order to cause prospective users and other members of the

1    industry to purchase Pixalate's services.

2         33.    Pixalate periodically and publicly releases a "Video Seller

3    Trust Index", in which it ranks video ad sellers on the basis of several factors –

4    including the extent to which Pixalate has identified traffic offered by such sellers

5    constituting the forms of "fraud" that Pixalate has labeled Vidillion's traffic as

6    having. Among the providers ranked are various Vidillion ad demand partners and

7    exchanges.  For example, in connection with the release announcement of its

8    March 2018 Video Seller Trust Index, Pixalate claimed that "the most trustworthy

9    programmatic sellers remain at the top of the rankings because they utilize

10   MRC-accredited services to detect and prevent invalid traffic (IVT) and ad fraud."

11        34.    Plaintiff is informed and believes and on that basis alleges that

12   in an effort to promote the use of its services and with specific intention to divert

13   Vidillion ad demand partners away from Vidillion and toward itself and/or to an

14   affiliated Vidillion competitor, commencing in or about April 2018, LKQD

15   affirmatively emailed a significant portion of the relevant purchasing public

16   (whose number is currently unknown to Plaintiff and is uniquely within the

17   knowledge of LKQD), including certain of Vidillion advertising demand partners,

18   and instructed them to stop purchasing Vidillion advertising inventory on the false

19   basis that the inventory was fraudulent.

20        35.    Defendants' statements that Plaintiff's inventory is IVT/SIVT

21   and/or fraudulent are literally and provably false.

22        36.    Defendants' false statements are likely to deceive, and have

23   actually deceived, a substantial segment of the purchasing audience, in that

24   Plaintiff is informed and believes and on that basis alleges that various of its

1  existing and prospective customers have elected not to purchase Plaintiff's

2  advertising inventory and related services and/or to do business with Plaintiff

3  generally as a result of the false statements.

4          37.    The relevant purchasing public is comprised of advertising

5  exchanges and advertising purchasers, among others.  Plaintiff is informed and

6  believes and on that basis alleges that Pixalate and LKQD have disseminated their

7  services containing the false designation to hundreds or thousands of such entities

8  nationwide and/or internationally.   Moreover, each of Pixalate's and LKQD's

9  separate written communications to Vidillion's advertising exchange partners

10  containing the false statements about Plaintiff's inventory were disseminated to a

11  significant portion of the relevant purchasing public (whose number is currently

12  unknown to Plaintiff and uniquely within the knowledge of Defendants) including

13  a number of Vidillion's advertising demand partners representing a substantial

14  percentage of Vidillion's advertising inventory sales.

15          38.    The deception caused by Defendants' false statements is

16  material in that it is likely to influence, and has actually influenced, the purchasing

17  decisions of those who learn of the statements.  Specifically, Plaintiff is informed

18  and believes and on that basis alleges that various of its existing and prospective

19  customers have elected not to purchase Plaintiff's advertising inventory and/or to

20  do business with Plaintiff generally as a result of the false statements.

21          39.    Moreover, Defendant's false statements  have already

22  materially influenced, and will continue to influence materially purchasing

23  decisions to the extent that other prospective customers choose not to purchase

24  Plaintiff's inventory or otherwise not to do business with Plaintiff, based on the

1    erroneous belief that Plaintiff deals in fraudulent and/or not viewable advertising

2    inventory.

3          40.    Plaintiff is informed and believes and on that basis alleges that,

4    by communicating the false statements to Vidillion customers outside California

5    via email, each of Pixalate and LKQD caused its false statements to enter

6    interstate commerce.

7          41.    As the result of Defendants' false statements, Plaintiff has lost

8    substantial revenue in an amount to be proved at trial, but which is in no event less

9    than $16 million.

10          Wherefore, Plaintiff prays for judgment as hereafter set forth.

11                       **SECOND CAUSE OF ACTION**

12          **Libel *Per Se* (Cal. Civ. Code § 45(a)) – All Defendants**

13          42.    Plaintiff re-alleges and incorporates by this reference each and

14    every allegation of the above paragraphs 1 through 41 inclusive, as if fully set

15    forth herein.

16          43.    Defendants have intentionally and falsely stated in writing that

17    Plaintiff's advertising inventory constitutes IVT and/or SIVT, or fraud.

18          44.    Specifically, Plaintiff is informed and believes and on that

19    basis alleges that in an effort to promote the use of its services and with specific

20    intention to divert Vidillion ad demand partners away from Vidillion and toward

21    itself and/or to an affiliated Vidillion competitor, commencing in or about April

22    2018, LKQD affirmatively emailed various third party purchasers of advertising

23    inventory (whose number is currently unknown to Plaintiff and is uniquely within

24    the knowledge of LKQD), including certain of Vidillion advertising demand

1    partners, and instructed them to stop purchasing Vidillion advertising inventory on

2    the false basis that the inventory was fraudulent.  Specifically, LKQD falsely

3    stated that Vidillion inventory was sending fraudulent traffic containing the

4    "phantom.com" domain within its headers.

5              45.    Plaintiff is informed and believes and on that basis alleges that

6    beginning in approximately late 2017, Pixalate falsely labeled Vidillion

7    advertising inventory as IVT/SIVT and/or fraud within reports disseminated to

8    various third parties, including certain of Vidillion advertising demand partners.

9    Plaintiff is further informed and believes and on that basis alleges that beginning

10   in approximately early 2018,  Pixalate affirmatively and falsely stated in writing to

11   a significant number of advertising inventory purchasers (whose number is

12   currently unknown to Plaintiff and is uniquely within the knowledge of Pixalate),

13   including certain of Vidillion's advertising demand partners, in writing that

14   Vidillion inventory constituted IVT/SIVT and "publisher fraud"; specifically, that

15   the inventory was "flagged because the domain is detected as

16   [phantom.com]phantom.com.  Phantom.com is a domain which is no longer

17   accessible, and when it was, it was owned by a well-known hacker, Bruce Fancher

18   . . . ."

19             46.    Defendants lacked and lack reasonable ground for belief in the

20   truth of their statements. Therefore, Defendants acted in reckless disregard of

21   Plaintiff's rights.

22             47.    As a result of Defendants' false statements, Plaintiff has

23   suffered injury to its reputation.

24             Wherefore, Plaintiff prays for judgment as hereafter set forth.

# THIRD CAUSE OF ACTION

## Libel *Per Quod*  (Cal. Civ. Code § 45(a)) – All Defendants

48.     Plaintiff re-alleges and incorporates by this reference each and every allegation of the above paragraphs 1 through 47 inclusive, as if fully set forth herein.

49.     Defendants have intentionally and falsely stated in writing that Plaintiff's advertising inventory constitutes IVT and/or SIVT, or fraud.

50.     Specifically, Plaintiff is informed and believes and on that basis alleges that in an effort to promote the use of its services and with specific intention to divert Vidillion ad demand partners away from Vidillion and toward itself and/or to an affiliated Vidillion competitor, commencing in or about April 2018, LKQD affirmatively emailed various third party purchasers of advertising inventory (whose number is currently unknown to Plaintiff and is uniquely within the knowledge of LKQD), including certain of Vidillion advertising demand partners, and instructed them to stop purchasing Vidillion advertising inventory on the false basis that the inventory was fraudulent.  Specifically, LKQD falsely stated that Vidillion inventory was sending fraudulent traffic containing the "phantom.com" domain within its headers.

51.     Plaintiff is informed and believes and on that basis alleges that beginning in approximately late 2017, Pixalate falsely labeled Vidillion advertising inventory as IVT/SIVT and/or fraud within reports disseminated to various third parties, including certain of Vidillion advertising demand partners. Plaintiff is further informed and believes and on that basis alleges that beginning in approximately early 2018,  Pixalate affirmatively and falsely stated in writing to

1   a significant number of advertising inventory purchasers (whose number is

2   currently unknown to Plaintiff and is uniquely within the knowledge of Pixalate),

3   including certain of Vidillion's advertising demand partners, in writing that

4   Vidillion inventory constituted IVT/SIVT and "publisher fraud"; specifically, that

5   the inventory was "flagged because the domain is detected as

6   [phantom.com]phantom.com.  Phantom.com is a domain which is no longer

7   accessible, and when it was, it was owned by a well-known hacker, Bruce Fancher

8   . . . ."

9          52.   Defendants lacked and lack reasonable ground for belief in the

10  truth of their statements.  Therefore, Defendants acted in reckless disregard of

11  Plaintiff's rights.

12         53.   As the result of Defendants' false statements, Plaintiff has

13  suffered injury to its reputation and has lost substantial revenue in an amount to be

14  proved at trial, but which is in no event less than $16 million.

15         Wherefore, Plaintiff prays for judgment as hereafter set forth.

16                    **FOURTH CAUSE OF ACTION**

17                  **(Trade Libel) – All Defendants**

18         54.   Plaintiff re-alleges and incorporates by this reference each and

19  every allegation of the above paragraphs 1 through 53 inclusive, as if fully set

20  forth herein.

21         55.   Defendants have published statements claiming that Plaintiff's

22  advertising inventory constitutes IVT and/or SIVT, or fraud; which statements are

23  specifically intended to dissuade others from purchasing Plaintiff's inventory.

24         56.   Specifically, Plaintiff is informed and believes and on that

1   basis alleges that in an effort to promote the use of its services and with specific

2   intention to divert Vidillion ad demand partners away from Vidillion and toward

3   itself and/or to an affiliated Vidillion competitor, commencing in or about April

4   2018, LKQD affirmatively emailed various third party purchasers of advertising

5   inventory (whose number is currently unknown to Plaintiff and is uniquely within

6   the knowledge of LKQD), including certain of Vidillion advertising demand

7   partners, and instructed them to stop purchasing Vidillion advertising inventory on

8   the false basis that the inventory was fraudulent.  Specifically, LKQD falsely

9   stated that Vidillion inventory was sending fraudulent traffic containing the

10  "phantom.com" domain within its headers.

11          57.    Plaintiff is informed and believes and on that basis alleges that

12  beginning in approximately late 2017, Pixalate falsely labeled Vidillion

13  advertising inventory as IVT/SIVT and/or fraud within reports disseminated to

14  various third parties, including certain of Vidillion advertising demand partners.

15  Plaintiff is further informed and believes and on that basis alleges that beginning

16  in approximately early 2018,  Pixalate affirmatively and falsely stated in writing to

17  a significant number of advertising inventory purchasers (whose number is

18  currently unknown to Plaintiff and is uniquely within the knowledge of Pixalate),

19  including certain of Vidillion's advertising demand partners, in writing that

20  Vidillion inventory constituted IVT/SIVT and "publisher fraud"; specifically, that

21  the inventory was "flagged because the domain is detected as

22  [phantom.com]phantom.com.  Phantom.com is a domain which is no longer

23  accessible, and when it was, it was owned by a well-known hacker, Bruce Fancher

24  . . . ."

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

58.     The statements actually have induced existing customers, and have induced and are inducing potential customers, to avoid purchasing Plaintiff's inventory.

59.     As the result of Defendants' false statements, Plaintiff has suffered injury to its reputation and lost substantial revenue in an amount to be proved at trial, but which is in no event less than $16 million.

Wherefore, Plaintiff prays for judgment as hereafter set forth.

**FIFTH CAUSE OF ACTION**

**(Intentional Interference With Contract) – All Defendants**

60.     Plaintiff re-alleges and incorporates by this reference each and every allegation of the above paragraphs 1 through 59 inclusive, as if fully set forth herein.

61.     At all times relevant hereto, Plaintiff was a party to certain contracts pursuant to which its customers purchase Plaintiff's advertising inventory and related services.

62.     Defendants were and are aware of the existence of Plaintiff's customer contracts.

63.     Defendants' false statements that Plaintiff's advertising inventory constitutes IVT and/or SIVT or fraud were and are designed to disrupt these contracts by inducing Plaintiff's customers *not* to purchase Plaintiff's advertising inventory and related services.

64.     Defendants' false statements have actually disrupted the contracts in that, due to the false statements certain of Plaintiff's customers are no longer able or willing to purchase Plaintiff's advertising inventory and related

1    services.

2       65.    As the result of Defendants' false statements, Plaintiff has

3    suffered damage in an amount to be proved at trial, but which is in no event less

4    than $16 million.

5       Wherefore, Plaintiff prays for judgment as hereafter set forth.

6    **SIXTH CAUSE OF ACTION**

7    **(Intentional Interference With Prospective Economic Advantage) –**

8    **All Defendants**

9       66.    Plaintiff re-alleges and incorporates by this reference each and

10   every allegation of the above paragraphs 1 through 65 inclusive, as if fully set

11   forth herein.

12      67.    At all times relevant hereto, Plaintiff had economic

13   relationships with various third-party prospective purchasers of Plaintiff's

14   advertising inventory and related services, which relationships offered the

15   probability of future economic benefit to Plaintiff.

16      68.    Defendants are and were aware of such economic relationships.

17      69.    Defendants' false statements that Plaintiff's advertising

18   inventory constitutes IVT and/or SIVT or fraud were and are designed to disrupt

19   these relationships by inducing prospective customers to avoid doing business

20   with Plaintiff.

21      70.    Defendants' false statements have actually disrupted the

22   relationships in that, due to the false statements many prospective customers are

23   no longer able or willing to purchase Plaintiff's advertising inventory and related

24   services.

71. Defendants' false statements that Plaintiff's advertising inventory constitutes IVT and/or SIVT or mobile inventory were and are likely to mislead the relevant public and therefore constitute an unfair, fraudulent and misleading business act or practice within the meaning of California Business & Professions Code § 17200. Moreover, Defendants' false statements constitute libel and trade libel under California state law.

72. As the direct and proximate result of Defendants' false statements, Plaintiff has suffered damage in an amount to be proved at trial, but which is in no event less than $16 million.

Wherefore, Plaintiff prays for judgment as hereafter set forth.

**SEVENTH CAUSE OF ACTION**

**(Unfair Business Act or Practice – Cal. Bus. & Prof. Code § 17200) –**

**All Defendants**

73. Plaintiff re-alleges and incorporates by this reference each and every allegation of the above paragraphs 1 through 72 inclusive, as if fully set forth herein.

74. Defendants have published statements claiming that Plaintiff's advertising inventory constitutes IVT and/or SIVT, or fraud; which statements are specifically intended to dissuade others from purchasing Plaintiff's inventory.

75. Specifically, Plaintiff is informed and believes and on that basis alleges that in an effort to promote the use of its services and with specific intention to divert Vidillion ad demand partners away from Vidillion and toward itself and/or to an affiliated Vidillion competitor, commencing in or about April 2018, LKQD affirmatively emailed various third party purchasers of advertising

1   inventory (whose number is currently unknown to Plaintiff and is uniquely within

2   the knowledge of LKQD), including certain of Vidillion advertising demand

3   partners, and instructed them to stop purchasing Vidillion advertising inventory on

4   the false basis that the inventory was fraudulent.  Specifically, LKQD falsely

5   stated that Vidillion inventory was sending fraudulent traffic containing the

6   "phantom.com" domain within its headers.

7        76.   Plaintiff is informed and believes and on that basis alleges that

8   beginning in approximately late 2017, Pixalate falsely labeled Vidillion

9   advertising inventory as IVT/SIVT and/or fraud within reports disseminated to

10  various third parties, including certain of Vidillion advertising demand partners.

11  Plaintiff is further informed and believes and on that basis alleges that beginning

12  in approximately early 2018,  Pixalate affirmatively and falsely stated in writing to

13  a significant number of advertising inventory purchasers (whose number is

14  currently unknown to Plaintiff and is uniquely within the knowledge of Pixalate),

15  including certain of Vidillion's advertising demand partners, in writing that

16  Vidillion inventory constituted IVT/SIVT and "publisher fraud"; specifically, that

17  the inventory was "flagged because the domain is detected as

18  [phantom.com]phantom.com.  Phantom.com is a domain which is no longer

19  accessible, and when it was, it was owned by a well-known hacker, Bruce Fancher

20  . . . ."

21        77.   Defendants' false statements that Plaintiff's advertising

22  inventory constitutes IVT and/or SIVT or fraud were and are likely to mislead the

23  relevant public and therefore constitute an unfair, fraudulent and misleading

24  business act or practice within the meaning of California Business & Professions

1    Code § 17200.

2           78.    As a direct and proximate result of Defendant's conduct,

3    revenue that Plaintiff otherwise would have received through sales of its

4    advertising inventory and related services and otherwise has been diverted away

5    from Plaintiff.

6           Wherefore, Plaintiff prays for judgment as hereafter set forth.

7                          **EIGHTH CAUSE OF ACTION**

8                        **(Fraud) – Defendant Pixalate**

9           79.    Plaintiff re-alleges and incorporates by this reference each and

10   every allegation of the above paragraphs 1 through 78 inclusive, as if fully set

11   forth herein.

12          80.    Pixalate falsely stated, and continues to state falsely, that

13   Plaintiff's advertising inventory constitutes IVT and/or SIVT, or fraud.

14          81.    Defendant Pixalate has published statements claiming that

15   Plaintiff's advertising inventory constitutes IVT and/or SIVT, or fraud; which

16   statements are specifically intended to dissuade others from purchasing Plaintiff's

17   inventory.

18          82.    Specifically, Plaintiff is informed and believes and on that

19   basis alleges that beginning in approximately late 2017, Pixalate falsely labeled

20   Vidillion advertising inventory as IVT/SIVT and/or fraud within reports

21   disseminated to various third parties, including certain of Vidillion advertising

22   demand partners.

23          83.    Plaintiff is further informed and believes and on that basis

24   alleges that beginning in approximately early 2018,  Pixalate affirmatively and

1  falsely stated in writing to a significant number of advertising inventory

2  purchasers (whose number is currently unknown to Plaintiff and is uniquely within

3  the knowledge of Pixalate), including certain of Vidillion's advertising demand

4  partners, in writing that Vidillion inventory constituted IVT/SIVT and "publisher

5  fraud"; specifically, that the inventory was "flagged because the domain is

6  detected as [phantom.com]phantom.com. Phantom.com is a domain which is no

7  longer accessible, and when it was, it was owned by a well-known hacker, Bruce

8  Fancher . . . ."

9          84.     Plaintiff is informed and believes and on that basis alleges that

10  Pixalate did not disclose to the users of its products that Pixalate is neither

11  accredited for, nor technically capable of, detecting IVT and/or SIVT with respect

12  to CTV utilizing server-side ad insertion. This failure to disclose is likely to cause

13  the users of Pixalate's products containing the false statements about Plaintiff's

14  advertising inventory to be misled about the reliability of the statements.

15          85.     Pixalate knew that its products contained the statements that

16  were false at the time they were made; and knew that its failure to disclose its own

17  lack of accreditation would mislead users as to the reliability of its fraud detection

18  services regarding Plaintiff's advertising inventory.

19          86.     Pixalate issued its products containing the false statements with

20  specific intention to induce the users' reliance on the statements; specifically by

21  discouraging the readers from purchasing Plaintiff's advertising inventory and/or

22  otherwise doing business with Plaintiff.

23          87.     Users of the products containing the false statements actually

24  did rely on them and either refrained from purchasing directly, or prevented others

1    from purchasing, Plaintiff's advertising inventory and related services.

2        88.    As the direct and proximate result of Pixalate's false

3    statements, Plaintiff has suffered damage in an amount to be proved at trial, but

4    which is in no event less than $16 million.

5        89.    Pixalate is guilty of oppression, fraud, or malice in that, despite

6    having been aware of its own lack of accreditation for CTV utilizing server-side

7    ad insertion and already having been advised of the falsity of its statements and

8    the ongoing harm to Plaintiff, Pixalate deliberately and wrongfully continued to

9    represent falsely that Plaintiff's advertising inventory is IVT/SIVT with specific

10   intent to harm Plaintiff by discouraging others from doing business with it.  As a

11   result, Plaintiff is entitled to an award of exemplary or punitive damages.

12                              **PRAYER**

13       Wherefore, Plaintiff prays judgment against Defendants as follows:

14       1.    As to the First Cause of Action, for (A) damages according to

15   proof but not less than $16 million, and (B) treble damages pursuant to 11 U.S.C.

16   § 1117(a);

17       2.    As to the Second, Third, Fourth, Fifth, and Sixth Causes of

18   Action, for damages according to proof but not less than $16 million;

19       3.    As to the Seventh Cause of Action, for (A) a permanent

20   injunction pursuant to Business and Professions Code section 17203 restraining

21   and enjoining Defendants from continuing the acts of unfair competition set forth

22   above; and (B) restitution according to proof, but which is in no event less than

23   $16 million;

24       4.    As to the Eighth Cause of Action, for damages according to

1   proof but not less than $16 million and (B) an award of punitive damages;

2          5.      For an award of attorneys fees, costs and interest pursuant to 15

3   U.S.C. §1117; and

4          6.      For such further relief as the Court may deem proper.

5                          **DEMAND FOR JURY TRIAL**

6          Plaintiff hereby demands a jury trial pursuant to Rule 38(a) of the

7   Federal Rules of Civil Procedure.

8   Dated:  June 28, 2019                   DRUMMOND & ASSOCIATES

9

10                                  By      _____
                                                      */s/*
11                                          Bridget B. Barrett

12                                          Attorneys for Plaintiff and
                                            Counter-defendant Vidillion, Inc.

13

14

15

16

17

18

19

20

21

22

23

24