1   Donald F. Drummond (No. 052986)
      buldogdrum@drummondlaw.net
2   Bridget B. Barrett (No. 188394)
      bbarrett@drummondlaw.net
3   DRUMMOND & ASSOCIATES
    101 Mission Street, Suite 500
4   San Francisco, CA 94105-1885
    Telephone:  (415) 433-2261
5

6   Counsel for Plaintiff and Counter-defendant Vidillion, Inc.

7                    **UNITED STATES DISTRICT COURT**

8              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9
    VIDILLION, INC.                          )    Case No. 2:18-CV-07270-DSF-AS
10                                           )
                  Plaintiff,                 )
11                                           )
    v.                                       )
12                                           )    **MEMORANDUM OF POINTS**
    PIXALATE, INC., LKQD                     )    **AND AUTHORITIES IN SUPPORT**
13  TECHNOLOGIES, INC., and DOES 1           )    **OF MOTION TO VOLUNTARILY**
    through 10,                              )    **DISMISS WITHOUT PREJUDICE**
14                                           )
                  Defendants.                )
15  ———————————————————————                  )
                                             )    Date:       August 12, 2019
16  AND RELATED                              )    Time:       1:30 p.m.
    COUNTERCLAIMS.                           )    Courtroom:  7D
17  ———————————————————————                  )    Judge:      Hon. Dale S. Fischer

18

19          Plaintiff and counter-defendant Vidillion, LLC ("Plaintiff" or

20  "Vidillion") respectfully submits the following Memorandum of Points and

21  Authorities in support of its motion to voluntarily dismiss Plaintiff's action

22  without prejudice.

23  **I.     STATEMENT OF FACTS**

24          Vidillion filed its original complaint against Pixalate, Inc.

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE [Case No. 2:18-CV-07270-DSF-AS]

1   ("Pixalate") on August 17, 2018.  (DKT 1.)  The complaint sought temporary and

2   permanent injunctive relief and damages under the Lanham Act and seven

3   common law claims against defendant Pixalate, in response to Pixalate's ongoing

4   disparagement of Vidillion and its products and services causing increasingly

5   ruinous damage to Vidillion's business.  Pixalate filed its answer on October 2,

6   2018, along with a counterclaim against Vidillion.  (DKT 4.) The counterclaim

7   merely reasserted all of the affirmative defenses of Pixalate's answer and did not

8   seek any affirmative relief.  (*Id*.)  Vidillion filed its answer to the counterclaim on

9   December 20, 2018.  (DKT 31.)

10          Shortly after changing its counsel (DKT 32-36), Pixalate filed a

11   motion for judgment on the pleadings. (DKT 43.) The Court granted the motion in

12   part with leave to amend, specifically granting leave to add a new defendant on

13   March 15, 2019.  (DKT 46.)

14          Vidillion thus filed its First Amended Complaint on April 1, 2019,

15   including claims against the new defendant, LKQD Technologies, Inc. ("LKQD").

16   (DKT 51.)   Rather than answer, Pixalate filed a motion to dismiss under FRCP

17   Rules 12(b)(1) and 12(b)(2).  (DKT 54-1.) The Court entered its Order granting

18   the motion on June 5, 2019, with leave to amend.  (DKT 62.)

19          For its part, LKQD filed an answer to the Amended Complaint on

20   June 13, 2019.  (DKT 63.)  However, it filed a Notice of Errata withdrawing the

21   answer a week later, on the basis that it erroneously answered because it had been

22   unaware of the Court's ruling on Pixalate's motion to dismiss at the time. (DKT

23   64.)

24          Vidillion initially sought the intervention of the federal court for the

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE [Case No. 2:18-CV-07270-DSF-AS]

1   specific purpose of obtaining speedier relief than would be available in the

2   congested state court system, in the urgent hope of staving off the financial

3   catastrophe threatened by the defendants' ongoing misdeeds.  (Declaration of

4   Bridget B. Barrett In Support ("Decl. Barrett") at ¶ 2.)   Unfortunately, because the

5   defendants have elected to obstruct rather than proceed to the merits of the case,

6   that benefit has simply not been realized.  (*Id*. at ¶ 3.)

7          For that reason, after Pixalate's motion to dismiss the First Amended

8   Complaint was granted, Vidillion's counsel sought the defendants' stipulation to a

9   dismissal without prejudice so that the parties may resolve the state law claims in

10  California state court.[1]  (*Id.* at ¶ 4.)  Counsel for each of Pixalate and LKQD

11  verbally indicated their inclination to agree to the stipulation; however, rather than

12  sign it, counsel for Pixalate waited to communicate their refusal to stipulate until

13  the day before Vidillion's Second Amended Complaint was due to be filed, and

14  counsel for LKQD never responded again at all.  (*Id*. at ¶¶ 4-7.)

15         Left with no alternative to preserve its rights, Vidillion filed its

16  Second Amended Complaint on June 28, 2019 pursuant to the Court's Order.

17  (DKT 65.)   Plaintiff now seeks an order of the Court permitting dismissal of that

18  action without prejudice.  Concurrently with this motion, Vidillion files its Notice

19  of Dismissal as to defendant LKQD under Rule 41(a)(1) of the Federal Rules of

20  Civil Procedure.

21

22

23         [1]      Although Vidillion is a Nevada resident, both defendants are located
    in Southern California, such that the case would be brought in the California
24  Superior Court for Los Angeles or Orange County.

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE [Case No. 2:18-CV-07270-DSF-AS]

## II.   ARGUMENT

### A.   Applicable Legal Standard

Voluntary dismissals of pending actions are governed by Rule 41 of the Federal Rules of Civil Procedure.  Under Section 41(a)(1)(A) of that Rule, a plaintiff may dismiss without a court order (i) before the opposing party files an answer or summary judgment motion; or (ii) via stipulation signed by all appearing parties. Fed. R. Civ. P. 41(a)(1)(A).  This right to dismiss is absolute until an answer or summary judgment motion has been filed. *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993); *Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970).

Under  Rule 41(a)(2), if the conditions of Rule 41(a)(1) are not satisfied, the action may be voluntarily dismissed at the plaintiff's request on order of the court.  Fed.R.Civ.P 41(a)(2).  "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)[upholding grant of motion to voluntarily dismiss and deny award of attorneys fees to defendant after parties had substantially litigated alter ego theory and plaintiff was denied writ of attachment].

In determining a motion to dismiss without prejudice  under Rule 41(a)(2), "the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)[reversing denial of motion for voluntary dismissal even after defendants moved for summary judgment]. "[L]egal prejudice

4

1   is just that—prejudice to some legal interest, some legal claim, some legal

2   argument." *Id.* at 97.  Legal prejudice "does not result simply when defendant

3   faces the prospect of a second lawsuit or when plaintiff merely gains some tactical

4   advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th

5   Cir. 1982).  "Additionally, expenses incurred in defending against a lawsuit do

6   not, on their own, amount to legal prejudice." *World Trading 23 v. EDO Trading,*

7   *Inc.*, No. 212CV10886ODWPJWX, 2013 WL 12134187, at *2 (C.D. Cal. Nov. 14,

8   2013).  Accordingly, Vidillion's motion should be granted.

9   **B.    The Court Should Grant Leave to Dismiss Without Prejudice.**

10   **1.    The Case Is Not Yet at Issue.**

11   As mentioned, Pixalate filed a motion to dismiss the First and Second

12   Amended Complaints.  (DKT 54, 66,)  Those motions do not abrogate Vidillion's

13   absolute right to dismiss. *Pedrina*, 987 F.2d at 610; *Miller*, 422 F.2d at 1266.

14   LKQD, on the other hand, initially filed but then withdrew its answer to the First

15   Amended Complaint, and has made no response to the Second Amended

16   Complaint a this time.  The net result is that there is no answer pending to either

17   the first or second amended complaint and therefore under Rule 41(a)(1), Vidillion

18   should be permitted to dismiss this action without prejudice.

19   **2.    Pixalate Will Suffer No Prejudice By the Dismissal.**

20   Although Pixalate has indicated its intention to oppose this motion

21   and has filed a competing motion to dismiss with prejudice, it can offer no "legal

22   prejudice" to support its argument that all of Vidillion's claims against it should be

23   permanently cut off.   The case is not at issue, and is still in such a preliminary

24   state that Pixalate loses nothing by a shift to state court.   What little discovery has

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE [Case No. 2:18-CV-07270-DSF-AS]

1   been done thus far can be applied to the state court case.  Pixalate will not be

2   subjected to a more inconvenient forum as a result of the move, and it cannot

3   plausibly  argue that the California Superior Court is less qualified to determine

4   Plaintiff's state law claims.  The fact that Vidillion sought the defendants'

5   stipulation to voluntarily dismiss without prejudice prior to Pixalate filing its

6   motion to dismiss the Second Amended Complaint also weighs in favor of

7   granting this motion instead.  *See Westlands*, 100 F.3d at 97 [plaintiffs' attempt to

8   seek stipulation to voluntary dismissal without prejudice after motion for

9   preliminary injunction was denied demonstrated that plaintiffs were not dilatory in

10  prosecuting case].

11          In contrast, Vidillion will suffer serious legal prejudice if its claims

12  are dismissed with prejudice.  It may not have any remedy to recoup the $16

13  million in losses it has suffered at the defendants' hands.  Further, it will not have

14  an opportunity to present the evidence it has been able to obtain through discovery

15  thus far – and the evidence it expects to obtain after further discovery is conducted

16  – to a tribunal.

17          For these reasons, this motion should be granted without condition.

18      **3.      Vidillion Has Dismissed as to LKQD Without Prejudice as**

19              **a Matter of Right.**

20          As noted above, Plaintiff has also filed its Notice of Dismissal as to

21  defendant LKQD.  By formally withdrawing its erroneous Answer to the First

22  Amended Complaint (its only appearance in this case),  LKQD has effectively

23

24

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

6
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE [Case No. 2:18-CV-07270-DSF-AS]

1   never answered.[2]   As such, Vidillion is entitled to voluntarily dismiss without a

2   court order as to that defendant.  *Pedrina v. Chun* ,987 F.2d 608, 610 (9th Cir.

3   1993).

4            The Notice of Dismissal as to LKQD terminates all claims against

5   that defendant and divests the Court of jurisdiction over them.  *Duke Energy*

6   *Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001);

7   *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999)

8   ["it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no

9   court order is required, the parties are left as though no action had been brought,

10  the defendant can't complain, and the district court lacks jurisdiction to do

11  anything about it."].  Consequently, LKQD cannot be heard to object.  Moreover,

12  if LKQD desired to prevent Vidillion from invoking its unfettered right to dismiss

13  under Rule 41(a), it could have done so by maintaining its answer.  *Am. Soccer*

14  *Co. v. Score First Enterprises, a Div. of Kevlar Indus.*, 187 F.3d 1108, 1112 (9th

15  Cir. 1999). Whatever its reasons for doing so, the defendant chose otherwise.

16           To the extent the Court finds that LKQD's withdrawn, erroneous

17  answer was sufficient to render Plaintiff's Notice of Dismissal ineffective,

18  Plaintiff seeks leave to voluntarily dismiss as to LKQD in addition to Pixalate.

19  Not having appeared other than its initial filing and withdrawal, LKQD is even

20  less able to demonstrate legal prejudice than Pixalate.  Therefore, this motion

21  _____

22           [2]   Although the Errata withdrawing the Answer does not specify,
    Plaintiff presumes that LKQD withdrew its Answer under the reasoning that
23  because the First Amended Complaint had already been dismissed at the time the
    Answer was filed, the Answer could have no legal effect other than to destroy
24  LKQD's status as a party who has not yet appeared.

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE [Case No. 2:18-CV-07270-DSF-AS]

1    should be granted unconditionally as to LKQD as well.

2          **4.    Vidillion Has Good Reason for Dismissing Without**

3                **Prejudice.**

4          Although the law does not require Plaintiff to justify its request to

5    dismiss without prejudice, Vidillion has a legitimate reason for doing so.  In the

6    Ninth Circuit, a plaintiff's desire to focus its action in state court is a permissible

7    reason for dismissing without prejudice under Rule 41(a)(2).  *Smith v. Lenches*,

8    263 F.3d 972, 976 (9th Cir. 2001)[grant of motion to dismiss without prejudice

9    proper where plaintiffs' counsel determined that abandonment of federal claims

10   and pursuit of state claims in state court was in plaintiffs' best interest]; *World*

11   *Trading 23*, 2013 WL 12134187, at *2.

12         As explained above, in this case Plaintiff sought the assistance of the

13   federal court out of an urgent need to obtain relief preventing potentially

14   catastrophic damage to its business due to the defendants' ongoing disparaging

15   acts.  (Decl. Barrett at ¶ 2.)  Unfortunately, that speedy remedy has not been

16   forthcoming, and Plaintiff's interests are better served by focusing attention on its

17   state law claims than by continuing to battle over a single federal claim in order to

18   obtain relief which is of no more use. (Decl. Barrett at ¶ 3.)

19         **C.    Pixalate's Counterclaim Could Remain Pending.**

20         Rule 41(a)(2) provides that "[i]f a defendant has pleaded a

21   counterclaim before being served with the plaintiff's motion to dismiss, the action

22   may be dismissed over the defendant's objection only if the counterclaim can

23   remain pending for independent adjudication."  Because Pixalate has stated that it

24   will oppose this motion, Pixalate will likely argue that this clause applies, and that

DRUMMOND & ASSOCIATES
101 Mission St., Suite 600
San Francisco, CA 94105
415 -433-2261

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE [Case No. 2:18-CV-07270-DSF-AS]

1    Plaintiff's claims against it cannot be dismissed without prejudice because

2    Pixalate's mirror-image counterclaims would be meaningless in its absence.

3    However, Pixalate is judicially estopped from taking that particular position in this

4    case.

5         As the Court will recall, Pixalate successfully opposed Vidillion's

6    motion to dismiss and strike its counterclaims on the grounds (among others) that

7    mirror image claims such as those "provide protection for its ongoing and

8    continuing activity."  (Memorandum In Opposition to Motion to Dismiss and

9    Strike Counterclaims, DKT 26 at 6.)  Pixalate specifically argued that the

10   counterclaims should remain as protection for the defendant in case Vidillion

11   voluntarily dismissed its affirmative claims.  (*Id*. at 7:10-27.)  Having been

12   successful in that argument, Pixalate should be estopped from now contending that

13   its counterclaims cannot stand on their own for the purposes of Rule 41(a)(2).[3]

14   *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)

15   [judicial estoppel "precludes a party from gaining an advantage by asserting one

16   position, and then later seeking an advantage by taking a clearly inconsistent

17   position."].  Accordingly, Vidillion has satisfied Rule 41(a)(2), and this motion

18   should be granted.

19

20

21

22

23       [3]    For clarity, while the counterclaims *can* survive the voluntary
     dismissal of Vidillion's affirmative claims without prejudice, Plaintiff does not
24   contend that the counterclaims *should* remain pending.  Plaintiff preserves all
     arguments against that result.

DRUMMOND & ASSOCIATES
101 Mission St., Suite 400
San Francisco, CA 94105
415-433-2261

9
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE [Case No. 2:18-CV-07270-DSF-AS]

III.    **CONCLUSION**

For the foregoing reasons, plaintiff Vidillion respectfully requests that the Court grant its motion to dismiss the Second Amended Complaint without prejudice, and without conditions.

Dated:  July 12, 2019                    DRUMMOND & ASSOCIATES


By      _____/s/_____
        Donald F. Drummond
        Attorneys for Plaintiff and Counter-defendant
        Vidillion, Inc.

DRUMMOND & ASSOCIATES
101 Mission St., Suite 500
San Francisco, CA 94105
415 -433-2261

10
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE [Case No. 2:18-CV-07270-DSF-AS]